WENCO FRANCHISE MANAGEMENT, INC.,
d/b/a Wendy's *v.* Donna CHAMNESS

00-325                                                          13 S.W.3d 903

Supreme Court of Arkansas
Opinion delivered April 13, 2000

*Friday, Eldredge & Clark*, by: *Betty S. Demory*, for petitioner.

*Daggett, Van Dover, Donovan, & Perry, PLLC*, by: *Joe R. Perry*, for respondent.

PER CURIAM. WENCO Franchise Management, Inc., d/b/a Wendy's, seeks a writ of prohibition to the St. Francis County Circuit Court on the ground that the Workers' Compensation Commission has exclusive jurisdiction of this case. The pleadings reflect that on May 8, 1996, Donna Chamness, an employee of WENCO, injured her back when she slipped and fell at the Forrest City Wendy's restaurant. Chamness's injury was accepted as compensable, and she received benefits. When Chamness later sought additional benefits, WENCO responded by arguing that Chamness was not performing employment services at the time of her accident. A hearing was scheduled before the Commission, but was later canceled at Chamness's request.

Chamness then filed a negligence suit against WENCO in circuit court. WENCO filed a motion for summary judgment, asserting that Chamness's exclusive remedy for her injury is under the Workers' Compensation Act. WENCO asserted further that only the Commission has the authority to determine jurisdiction in this matter. The circuit court denied summary judgment, and WENCO petitioned this court for a writ of prohibition.

█ The case of *VanWagoner v. Beverly Enters.*, 334 Ark. 12, 970 S.W.2d 810 (1998) is controlling. There, the claimant was employed by Beverly when she tripped and fell on a rug at her place of employment. She filed a claim for benefits under the Act. Beverly denied the claim. A hearing was scheduled before the Commission on the issue of compensability. The claimant later canceled the

hearing and filed suit against Beverly in circuit court. The circuit court dismissed the suit with prejudice, and the claimant appealed. This court affirmed the circuit court's ruling on the ground that the Commission has exclusive jurisdiction to determine the applicability of the workers' compensation laws. This court stated:

> We hold that the exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that *the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction,* unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort.

*Id.* at 16, 970 S.W.2d at 812 (citations omitted) (emphasis added). WENCO relies on this holding in support of its petition.

■■ Prohibition is an extraordinary writ that is appropriate only when the lower court is wholly without jurisdiction. *Nucor Holding Corp. v. Rinkines,* 326 Ark. 217, 931 S.W.2d 426 (1996). Where it is clear that the lower court is encroaching on the Commission's jurisdiction, we will grant the writ. *Id.* In the present case, there is no dispute that Chamness was employed by WENCO at the time of the injury or that the injury occurred on WENCO's premises. Nor is it disputed that Chamness has already received workers' compensation benefits for her injury. Furthermore, it is not alleged by Chamness that her injury resulted from an intentional tort by WENCO. Accordingly, the Commission has exclusive authority to determine the facts that establish jurisdiction in this matter. We thus grant the writ of prohibition.