## Douglas STOCKS  *v.*
## AFFILIATED FOODS SOUTHWEST, INC.

04-1371                                            213 S.W.3d 3

### Supreme Court of Arkansas
### Opinion delivered September 15, 2005

*Boyd Tackett, Jr.*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *James M. Simpson, Karen S. Halbert*, and *Erin E. Cullum*, for appellee.

DONALD L. CORBIN, Justice.   Appellant Douglas Stocks was injured on the job when a pallet jack he was operating pinned his leg against a steel table. At the time, he was employed by Convenience Store Supply, Inc. (CSSI), and he received workers' compensation benefits from CSSI. Thereafter, Stocks filed suit in the Pulaski County Circuit Court against Appellee Affiliated Foods Southwest, Inc., alleging that Affiliated Foods was negligent in providing a defective pallet jack for use by CSSI employees. Affiliated Foods moved for summary judgment on the ground that Stocks's exclusive remedy was under the Arkansas Workers' Compensation

Act. The trial court agreed and entered judgment against Stocks. Our authority to hear this appeal is pursuant to Ark. Sup. Ct. R. 1-2(b)(5) and (b)(6), as it seeks clarification and further development of the law. Without reaching the merits, however, we must reverse the trial court's order for lack of jurisdiction.

At issue in this appeal is the interpretation of Ark. Code Ann. § 11-9-105(a) (Repl. 2002), which provides in pertinent part:

> *The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee,* his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages *from the employer, or* any principal, officer, director, *stockholder,* or partner *acting in his or her capacity as an employer,* or prime contractor of the employer, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. [Emphasis added.]

Affiliated Foods asserts that under this provision, it was a stockholder of CSSI acting in the capacity of employer at the time of Stocks's injury, and that, accordingly, Stocks's exclusive remedy is a workers' compensation claim.

Affiliated Foods presented affidavits from three of its officers setting out the corporate structure of Affiliated Foods and its relationship to CSSI. John Mills, executive vice president, stated in his first affidavit that Affiliated Foods is and always has been the sole stockholder and owner of CSSI. In his second affidavit, however, Mills clarified the corporate relationship by stating that Affiliated Foods is and always has been the sole stockholder and owner of Shur-Valu and that Shur-Valu is and always has been the sole stockholder and owner of CSSI.[1] He stated that Affiliated Foods and CSSI have the same board of directors and that the business of both companies is covered at the same board meeting. He stated further that the executive officers of CSSI and Affiliated Foods are the same, although their titles may differ slightly. Finally, he stated that the officers of CSSI are paid by Affiliated Foods.

---

[1] Prior to the submission of Mills's second affidavit, the parties had stipulated that, among other things, Affiliated Foods was the owner and sole stockholder of CSSI. Stocks later withdrew his consent to the stipulations based on the information provided in Mills's second affidavit.

Robert Southern, director of personnel, stated that the personnel department of Affiliated Foods handles the personnel matters of CSSI and even hires the employees of CSSI. He stated that the employees of CSSI share the same health insurance plan, life insurance plan, retirement plan, disability plan, vacation policy, and other benefits as the employees of Affiliated Foods. He stated that the various benefit plans available to CSSI employees are administered and paid for by Affiliated Foods. Finally, he stated that the workers' compensation insurance for CSSI employees is provided by Affiliated Foods and is the same policy covering employees of Affiliated Foods.

Alexander Martinez, director of member finance and insurance, stated in his affidavit that the pallet jack used by Stocks at the time of his injury had been leased by Affiliated Foods to CSSI. He stated that most of the equipment used by employees of CSSI was and is owned or leased by Affiliated Foods. He stated that Affiliated Foods does not and did not at the time of the accident receive any direct pecuniary benefit in return for providing equipment to CSSI employees. Rather, he stated that the only benefit derived by Affiliated Foods was the potential for increased efficiency and productivity of CSSI employees.

Stocks did not present any evidence to the contrary. On appeal, he argues that the two affidavits submitted by Mills are inconsistent regarding the precise relationship of Affiliated Foods to CSSI and that such inconsistency constitutes an unresolved issue of material fact. On the merits, he argues that Affiliated Foods's relationship to CSSI is too remote to qualify it as a stockholder-employer under section 11-9-105(a). He also challenges Affiliated Foods's claim that it was acting in the capacity of employer at the time of the accident.

The key issue then is whether Affiliated Foods's status as the sole stockholder and owner of Shur-Valu, which is the sole stockholder and owner of CSSI, along with its corporate relationship to CSSI and its actions in supplying equipment for CSSI render it a stockholder-employer under section 11-9-105 and therefore limit Stocks's remedy to workers' compensation benefits. Based on this court's previous holdings, we conclude that this fact question must be decided by the Arkansas Workers' Compensation Commission.

In *VanWagoner v. Beverly Enters.*, 334 Ark. 12, 13, 970 S.W.2d 810, 811 (1998), this court held that the Commission "has exclusive, original jurisdiction to determine the fact issues estab-

lishing its jurisdiction." There, the appellant had filed suit against her employer in circuit court, and the issue was whether the appellant was performing employment services at the time of her injury. Her employer moved to dismiss the suit on that ground that it was barred by the exclusive-remedy provision of the Act. The circuit court granted the dismissal, and the appellant appealed to the Arkansas Court of Appeals. The court of appeals certified the appeal to this court to decide whether the Commission or the circuit court should determine the applicability of the Act. This court held that such a determination belonged exclusively to the Commission:

> We believe that the better rule is to recognize the administrative law rule of primary jurisdiction and to allow the Workers' Compensation Commission to decide whether an employee's injuries are covered by the Workers' Compensation Act. . . .
>
> . . . .
>
> We hold that the exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort. In so holding, we overrule all prior decisions to the extent that they are inconsistent with this opinion.

*Id.* at 15-16, 970 S.W.2d at 812 (citations omitted). In adopting this rule, this court noted the Commission's vast expertise in this area and that the goals of uniformity, speed, and simplicity would best be achieved by granting the Commission the exclusive, original jurisdiction to determine the applicability of the Act. This rule has been consistently reaffirmed by this court. *See WENCO Franchise Mngm't, Inc. v. Chamness,* 341 Ark. 86, 13 S.W.3d 903 (2000) (*per curiam*); *Johnson v. Union Pac. R.R.,* 352 Ark. 534, 104 S.W.3d 745 (2003); *Merez v. Squire Court Ltd. Partnership,* 353 Ark. 174, 114 S.W.3d 184 (2003).

Based on the foregoing, we reverse the order of summary judgment because the circuit court lacked jurisdiction to determine whether Affiliated Foods was a stockholder-employer

within the meaning of our Workers' Compensation Act. That determination lies exclusively with the Commission, as the facts presented below are not so one-sided as to demonstrate that the Act does not apply as a matter of law. We therefore remand this matter with leave for the parties to pursue a determination before the Commission.

Reversed and remanded.