Angelique Voss MOSES *v.* HANNA'S CANDLE COMPANY; and Burt Hanna, Individually

05-1105                                      234 S.W.3d 872

Supreme Court of Arkansas
Opinion delivered May 4, 2006

*Hodson, Woods & Snively*, by: *Rick Woods*, for appellant.

*Wright, Lindsey & Jennings*, by: *Troy A. Price*, for appellees.

TOM GLAZE, Justice. Appellant Angelique Moses brings her second appeal from the trial court's order granting summary judgment in favor of Hanna's Candle Co. (HCC) and Burt Hanna, individually (Hanna). Her first appeal was dismissed for the lack of finality. *See Moses v. Hanna's Candle Company*, 353 Ark. 101, 110 S.W.3d 725 (2003) (*Moses I*). The *Moses I* decision sets out the relevant facts that led to this second appeal.

In November of 1997, Moses was employed by Volt Services Group, a temporary employment agency that provided temporary laborers to Hanna's Candle Company (HCC). On November 20, 1997, Moses was working on HCC's production line when her right hand was pulled into a candle press machine. Moses sustained serious injuries that resulted in the amputation of all her fingers and other portions of her right hand. Volt and Moses submitted a joint petition to the Workers' Compensation Commission reflecting the two parties' agreement that Volt would pay all authorized reasonable and necessary medical expenses arising out of Moses's injury. Volt also agreed to pay Moses's attorney's fees and an additional $44,225 to settle her claim. The Commission approved this agreement.

After the Commission's approval of Moses and Volt's joint petition, Moses filed a products-liability complaint in circuit court against defendants HCC and its owner, Burt Hanna. Moses's initial complaint also listed other defendants individually, including John Does 1-10. The circuit court entered an order dismissing all of the named defendants except HCC, Hanna, and John Does 1-10. HCC and Hanna moved for summary judgment, which the circuit court granted, dismissing HCC and Hanna. However, no final order was entered dismissing John Does 1-10; in addition, Moses

did not request that her appeal be certified pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. *See Moses I.* Because no final order was entered by the circuit court in *Moses I*, this court dismissed Moses's first appeal. *Id.* After Moses returned to circuit court and obtained an order from that court dismissing John Does 1-10, she filed this second appeal. Because a subject-matter jurisdiction issue still remains, we again cannot reach the merits in Moses's case. We must set forth some additional facts in order to address the jurisdictional issue.

As noted above, after settling her workers' compensation claim, Moses filed a products-liability action against HCC and Hanna, individually. In her complaint, Moses alleged that, prior to her accident, Hanna integrated a rotary airlock component into HCC's candle press machine to ensure that the candle wax was being efficiently transferred along the production line. Hanna testified that he purchased this component from a scrap yard for ten dollars. In addition, he conceded he had not consulted with his parts supplier about how to integrate the rotary airlock into the candle press machine, nor was he aware of any engineering standards or safety codes.

According to her complaint, Moses's injuries occurred when her hand was sucked into the rotary airlock. Moses claims that these injuries were caused by HCC and Hanna's negligence in their role as "designer, manufacturer, component part supplier, and/or seller" of the offending machine. Moses specifically points out that she is not suing HCC in its capacity as an employer, but rather as a machine designer subject to suit under Arkansas's products-liability statutes. *See* Ark. Code Ann. § 16-116-101 *et seq.* (Repl. 2006).

In response, HCC filed a motion for summary judgment, contending that the exclusivity provision of the Workers' Compensation Act served as an effective bar to Moses's claim. *See* Ark. Code Ann. § 11-9-105(a) (Supp. 1995). Specifically, HCC argued that it was Moses's "employer" within the meaning of the Workers' Compensation Act; therefore, Moses's only remedy was her prior settlement with Volt. As can be readily seen, the threshold issue in this case is whether HCC had an employer-employee relationship at the time of the accident in which Moses suffered her injuries.

In her appeal, Moses asks us to decide the following three specific issues: (1) whether § 11-9-105(a) unconstitutionally deprives her of a tort remedy against a non-employer in violation of

Article 5, Section 32, as amended by Ark. Const. amend. 26; (2) whether the exclusivity provision of the Workers' Compensation Act creates an outcome that is contrary to both the stated goals of the Act and the deterrent nature of the Products Liability Act and is also contrary to public policy; and (3) whether the trial court erred as a matter of law in ruling that the dual-persona doctrine has been abrogated, thus barring her from seeking a tort remedy against HCC.

In granting summary judgment, the trial court was called on to interpret the exclusivity provision of the Arkansas Workers' Compensation Act. That provision, found at § 11-9-105(a), reads as follows:

> The rights and remedies granted to an employee subject to the provisions of this [Act], on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a co-employee shall not be imputed to the employer. *No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this [Act], and the remedies and rights provided by this [Act] shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.*

(Emphasis added.)

The Workers' Compensation Commission entered an order approving benefits for Moses; however, the Commission did not address whether HCC would enjoy immunity under the Workers' Compensation Act.

This court was recently faced with a similar set of facts in *Stocks v. Affiliated Foods Southwest, Inc.*, 363 Ark. 235, 213 S.W.3d 3 (2005). In *Stocks*, an employee, Douglas Stocks, was injured on the job when a pallet jack he was operating pinned his leg against a steel table. Stocks received workers' compensation benefits from his employer, Convenience Store Supply, Inc. (CSSI). After receiving his benefits, Stocks filed an action against the pallet jack maker, Affiliated Foods Southwest, a majority stockholder of CSSI. The trial court granted summary judgment in favor of

Affiliated Foods, finding that it was an "employer" for purposes of the exclusivity provision under the Workers' Compensation Act.

On appeal, we reversed the trial court's order for lack of jurisdiction. The *Stocks* court held that the "Workers' Compensation Commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law." *Stocks, supra* (citing *VanWagoner v. Beverly Enters.*, 334 Ark. 12, 16, 970 S.W.2d 810, 812 (1998)).

In *VanWagoner, supra*, Laurie VanWagoner, an employee of Beverly Enterprises, slipped and fell at work. VanWagoner received workers' compensation benefits for her injuries, and then filed suit against Beverly based on Beverly's alleged negligence in failing to maintain a safe workplace. The trial court dismissed the action based on the exclusivity provision. On appeal, this court held that the exclusive remedy for an injury arising out of and in the course of employment is a claim under the Workers' Compensation Act, and that the Commission had exclusive jurisdiction. *VanWagoner*, 352 Ark. at 16, 970 S.W.2d at 812.

The *VanWagoner* court explained its reasoning as follows: "In adopting this rule, this court pointed out that the Commission has vast expertise in this area, and that the goals of uniformity, speed, and simplicity would best be achieved by granting the Commission the exclusive, original jurisdiction to determine the applicability of the Act." *VanWagoner*, 352 Ark. at 15, 970 S.W.2d at 812; *see also Johnson v. Union Pac. R.R.*, 352 Ark. 534, 104 S.W.3d 745 (2003); *WENCO Franchise Mgmt., Inc. v. Chamness*, 341 Ark. 86, 13 S.W.3d 903 (2000).

We recognize that this case raises a constitutional issue. Nonetheless, this court has stated that "even though the Workers' Compensation Commission may not have authority to declare statutes unconstitutional, such constitutional issues should first be raised at the administrative law judge or commission level, because such issues often require an exhaustive analysis that is best accomplished by an adversary proceeding, which can only be done at the hearing level." *Arkansas Health Servs. Agency v. Desiderata, Inc.*, 331 Ark. 144, 148, 958 S.W.2d 7, 8 (1998) (approving the rule adopted by the court of appeals in *Hamilton v. Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982)).

■ Based on this court's reasoning in *Stocks, VanWagoner*, and *Desiderata*, we conclude that the Workers' Compensation Commission has exclusive, original jurisdiction to determine

whether HCC is an employer and immune from suit under the Workers' Compensation Act. Accordingly, we reverse the trial court's order of summary judgment for lack of jurisdiction and direct the court to remand this case to the Commission.