Clifford COONROD D/B/A Coonrod Construction Company *v.* Ronnie SEAY

06-404                                                     241 S.W.3d 252

Supreme Court of Arkansas
Opinion delivered October 12, 2006

*Huckabay, Munson, Rowlett & Moore, P.A.*, by: *Sarah E. Greenwood* and *Bruce Munson*, for appellant.

*Compton, Prewett, Thomas & Hickey, L.L.P.*, by: *F. Mattison Thomas, III*, for appellee.

ANNABELLE CLINTON IMBER, Justice. Clifford Coonrod d/b/a Coonrod Construction Co., petitions this court for a writ of prohibition in response to the circuit court's denial of his summary-judgment motion.[1] Coonrod argues that the circuit court does not have jurisdiction to decide whether the Workers' Compensation Act, as codified at Ark. Code Ann. §§ 11-9-101 through 11-9-1001 (Repl. 2002 & Supp. 2005), bars Respondent Ronnie Seay from filing suit against him for negligence. In support of his

---

[1] Although Coonrod has named the defendant Ronnie Seay as the respondent to his petition, prohibition lies to the circuit court. *Cockrum v. Fox*, 359 Ark. 508, 199 S.W.3d 69 (2004). Accordingly, we treat the petition as one against the lower court. *Id.*

argument, Coonrod asserts that the Workers' Compensation Commission has exclusive jurisdiction to determine whether an employer-employee relationship existed between Seay and him. We agree and therefore grant, the writ.

In 2003 Coonrod and Johnson Employer Support Services (JESS) entered into a "Subscriber Service Agreement." Pursuant to the agreement, JESS performed the following services for Coonrod: (1) the hiring of workers for Coonrod's use; (2) the processing and payment of wages to the workers being used by Coonrod; (3) the collection, reporting and payment of state and federal payroll taxes; (4) the administration and payment of employee benefit plans; and (5) the maintenance of a workers' compensation insurance policy covering the workers at Coonrod's constructions sites. In return, Coonrod was obligated to pay JESS a service fee that consisted of (1) gross employee earnings, (2) federal and state mandated employee benefits, (3) administrative fees, and (4) a portion of the premium for workers' compensation insurance. Coonrod also was responsible for supervising and directing the workers and for maintaining records of the workers' hours; additionally, Coonrod had the right to terminate or suspend an employee and to increase wages.

Ronnie Seay was one of the workers covered by the service agreement. While working at a Coonrod construction site, on July 26, 2003, Seay was injured as he attempted to load a bulldozer onto a trailer. Seay filed a worker's compensation claim and received benefits that were paid by JESS. He also filed an action against Coonrod in the Miller County Circuit Court, alleging that Coonrod was negligent in maintaining the bulldozer and in failing to provide a safe work environment. The damages requested in the circuit court action included medical costs, lost wages, bodily injury, pain and suffering, and mental anguish.

In response to the lawsuit, Coonrod immediately filed a motion for summary judgment, alleging that Seay's claims were barred by the exclusivity provision of the Workers' Compensation Act, Ark. Code Ann. § 11-9-105(a) (Repl. 2002); therefore, the circuit court did not have subject-matter jurisdiction over Seay's claims. Among the exhibits attached to the summary-judgment motion was an affidavit signed by a JESS official stating that Coonrod and JESS were co-employers of Seay and that Coonrod paid part of the premium for workers' compensation insurance. The circuit court denied the motion.

Coonrod now petitions this court for a writ of prohibition on the grounds that the circuit court was wholly without subject-matter jurisdiction to determine whether an employee-employer relationship existed between Coonrod and Seay. We therefore have jurisdiction over this case pursuant to Ark. Sup. Ct. R. 1-2(a) (2006).

A writ of prohibition is extraordinary relief that is appropriate only when the circuit court is *wholly* without jurisdiction. *Cockrum v. Fox*, 359 Ark. 508, 199 S.W.3d 69 (2004). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.* Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Id.* This court confines its review to the pleadings in the case. *Id.* Moreover, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Id.*

The first requirement for granting a writ of prohibition is that the circuit court must be wholly lacking in jurisdiction over the case. Pursuant to Ark. Code Ann. § 11-9-105(a), once an employee avails himself of the rights and remedies available to him under the Workers' Compensation Act, those rights and remedies shall be exclusive of all other rights and remedies. Coonrod asserts that he and JESS are co-employers of Seay, and because Seay already received workers' compensation benefits from JESS, his negligence claims against Coonrod are barred by section 11-9-105(a). Seay, however, disputes Coonrod's assertion, insisting that JESS is his only employer. Citing *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 970 S.W.2d 810 (1998), and its progeny, Coonrod contends that the question of whether an employer-employee relationship existed between him and Seay, and thus whether the Act applies here, is a threshold decision exclusively within the jurisdiction of the Workers' Compensation Commission.

Originally, our court recognized concurrent jurisdiction between the circuit courts and the Commission to decide whether the Act applied in a given case. However, in *VanWagoner v. Beverly, supra.*, we recognized that our concurrent-jurisdiction approach was resulting in duplicative litigation, and consequently, the approach was counter to the primary purpose behind the workers' compensation system — "to achieve simplicity and speed in the disposition of cases." *Id.* at 15, 970 S.W.2d at 812. We therefore abandoned that approach, holding that

> the exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her

employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort.

*Id.* at 16, 970 S.W.2d 810.

Following *VanWagoner,* our court decided in the case of *Stocks v. Affiliated Foods Southwest, Inc.,* 363 Ark. 235, 213 S.W.3d 3 (2005), that the factual question of whether an employer-employee relationship exists between the parties is a preliminary issue solely within the jurisdiction of the Commission. *Id.* Most recently in *Moses v. Hanna's Candle Company,* 366 Ark. 233, 234 S.W.3d 872 (2006), we held that the question of whether a temporary worker is an employee of the company where he or she is working at the time of an injury, rather than an employee of the temporary agency, is an issue within the Commission's exclusive jurisdiction to decide. *Id.*

■ Here, as in *Stocks,* the only issue presented by Coonrod's summary-judgment motion was whether an employer-employee relationship existed between him and Seay. Also, the situation here is much like that in *Moses* because Seay argues that JESS was his only employer and he was merely a temporary worker at Coonrod's construction site. Based on this court's line of decisions beginning with *VanWagoner,* and continuing through *Stocks* and *Moses,* we conclude that the Workers' Compensation Commission has exclusive original jurisdiction to determine whether Coonrod was Seay's employer and whether Coonrod was thereby immune from suit under the Act. Accordingly, we hold that, as a matter of law, the circuit court was wholly without jurisdiction to make that determination.

Seay nonetheless suggests that the circuit court did have jurisdiction to determine whether he was Coonrod's employee under an exception set forth in *VanWagoner.* The *VanWagoner* exception only applies to a narrow category of cases where the facts are so one-sided that it is clear the Act does not apply as a matter of law. Seay claims the facts in this case are one-sided in favor of a finding that JESS is his only employer. Based on this claim, Seay argues that the circuit court did have jurisdiction to make that factual determination as a matter of law.

Seay's argument is misplaced. In *Merez v. Squire Court Limited,* 353 Ark. 174, 114 S.W.3d 184 (2003), the issue before this

court was whether Merez was an employee of Squire Court or an employee of Carson Equities, LLC, an independent general contractor, and the facts were in conflict as to who was Merez's employer. *Id.* For example, Merez received paychecks from both Squire Court and Carson, but Squire Court never directed Merez's work. *Id.* Because conflicting facts existed, we held that the facts were not so one-sided as to demonstrate, as a matter of law, that the Act did not apply. *Id.*

■ Similarly, the facts here are in conflict as to who was Seay's employer at the time of his injury. JESS handled the administrative tasks, such as the hiring and issuing of paychecks and benefits; whereas, Coonrod was responsible for supervising and terminating workers, as well as keeping track of workers' hours. Thus, we cannot say that the facts in this case are so one-sided that one can determine, as a matter of law, that the Act does not apply. Consequently, we conclude that the circuit court was wholly without jurisdiction.

The second requirement for granting a writ of prohibition is that no other remedy be available to the petitioner. As a general rule of appellate procedure, a denial of a motion for summary judgment is not subject to review on appeal, even after a trial on the merits. *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991). This court, however, has granted writs of prohibition when a circuit court denies a motion for summary judgment that is based upon the assertion that a party is immune from suit under the exclusivity provision of Ark. Code Ann. § 11-9-105(a). *See Wenco Franchise Mgmt., Inc. v. Chamness*, 341 Ark. 86, 13 S.W.3d 903 (2000). Furthermore, in *Wenco Franchise Management*, we stated that "[w]here it is clear that the lower court is encroaching on the Commission's jurisdiction, we will grant the writ." *Id.* at 88, 13 S.W.3d at 904 (citing *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996)).

■ Here, Coonrod has no remedy other than a writ of prohibition because the denial of his motion for summary judgment is not subject to review on appeal, even after a full trial on the merits. *McElroy v. Grisham, supra.* Along with depriving him of any remedy on appeal, the circuit court's denial of Coonrod's motion effectively eliminated his primary defense — immunity from suit under Ark. Code Ann. § 11-9-105(a). Finally, the circuit court clearly encroached on the exclusive jurisdiction of the Workers' Compensation Commission when it made the preliminary deter-

mination that Coonrod was not Seay's employer and thus not immune under the Act. Accordingly, we grant the writ of prohibition.

Writ granted.