Cary Lee CARTER and Shelley Carter,
Husband and Wife, Individually, and Cary Lee Carter as the
Parent and Natural Guardian of Brett Carter, a Minor Child;
et al. *v.* GEORGIA-PACIFIC RESINS, INC., a Delaware
Corporation; Georgia-Pacific Corporation, Chemical Division,
a Delaware Corporation; Teadit N.A., Inc., a Texas Corporation;
Monroe Rubber & Gasket Co., a Louisiana Corporation; et al.

05-1250                                                    242 S.W.3d 616

Supreme Court of Arkansas
Opinion delivered November 9, 2006

---

*Richard H. Mays*, for appellants.

*Gibson & Hashem, P.L.C.*, by: *C.C. Gibson, III; Friday, Eldredge & Clark, LLP*, by: *Frederick S. Ursery* and *Robert S. Shafer*; and *Nelson Mullins Riley & Scarborough LLP*, by: *Richard K. Hines, V*, and *Michelle W. Johnson*, for appellees Georgia-Pacific Resins, Inc., and Georgia-Pacific Corporation.

*Atchley, Russell, Waldrop & Hlavinka, L.L.P.*, by: *Jeffery C. Lewis* and *J. Dennis Chambers*, for appellee Teadit N.A., Inc.

JIM HANNAH, Chief Justice. This appeal arises out of the dismissal of claims relating to alleged exposure to asbestos at the workplace. In a suit filed in the Ashley County Circuit Court, the plaintiffs-appellants are divided into several separate but related groups. "Plaintiff employees" are current and former employees of appellee Georgia-Pacific Resins, Inc. (G-P) at a plant in Crossett, Arkansas. "Plaintiff family members" are the spouses, children, and other household members of plaintiff employees. Appellees Teadit, N.A., Inc. and Monroe Rubber & Gasket Co. are distributors of asbestos-containing gasket materials used by the plaintiff employees in their work.

The plaintiffs allege multiple causes of action against multiple parties, some of which are still pending in the circuit court. However, the circuit court entered an order dismissing (1) all claims of the plaintiff employees against G-P, and all claims of any plaintiff that are derivative of the plaintiff employees' claims, on the basis that the claims arose out of and in the course of employment with G-P, and are barred by the exclusive-remedy provision of the Workers' Compensation Act (WCA), and (2) plaintiffs' claims for negligent infliction of emotional distress. Subsequently, pursuant to Ark. R. Civ. P. 54(b), the circuit court certified that the dismissals were final for the purposes of appeal. Although several arguments are raised on appeal, we do not reach the merits of the arguments because we must reverse the circuit court for lack of jurisdiction.

Here, the plaintiffs alleged that they were injured due to the plaintiff employees' exposure to asbestos while working at G-P. In response to the plaintiffs' complaint, G-P argued that the Workers' Compensation Commission had exclusive jurisdiction to determine the applicability of the WCA, and that the circuit court did not have jurisdiction to determine jurisdiction. The circuit court disagreed, concluding that it had jurisdiction. We hold that the circuit court erred.

Arkansas Code Annotated section 11-9-105 (Repl. 2002) provides in relevant part:

> (a) The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer. . . .

In *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 16, 970 S.W.2d 810, 812 (1998), we held:

> [T]he exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and . . . the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort. *See Angle v. Alexander*, 328 Ark. 714, 719, 945 S.W.2d 933 (1997) (citing *Miller v. Ensco, Inc.*, 286 Ark. 458, 461, 692 S.W.2d 615 (1985) (explaining that, before an employee is free to bring a tort action for damages against an employer, the facts must show that the employer had a "desire" to bring about the consequences of the acts, or that the acts were premeditated with the specific intent to injure the employee).

This rule has been consistently reaffirmed by this court. *See Stocks v. Affiliated Foods Sw., Inc.*, 363 Ark. 235, 213 S.W.3d 3 (2005); *Merez v. Squire Court Ltd. P'ship*, 353 Ark. 174, 114 S.W.3d 184 (2003); *Johnson v. Union Pac. R.R.*, 352 Ark. 534, 104 S.W.3d 745 (2003); *WENCO Franchise Mgmt., Inc. v. Chamness*, 341 Ark. 86, 13 S.W.3d 903 (2000). In adopting this rule, we have explained that the Commission has vast expertise in this area, and that the goals of uniformity, speed, and simplicity would best be achieved by granting the Commission the exclusive, original

jurisdiction to determine the applicability of the WCA. *See Johnson*, 352 Ark. at 541, 104 S.W.3d at 748; *see also Stocks, supra, WENCO, supra.*

We recognize that this case raises a constitutional issue. Nonetheless, this court has stated that "even though the Workers' Compensation Commission may not have the authority to declare statutes unconstitutional, such constitutional issues should first be raised at the Administrative Law Judge or Commission level because such issues often require an exhaustive analysis that is best accomplished by an adversary proceeding, which can be done only at the hearing level." *Ark. Health Servs. Agency v. Desiderata, Inc.*, 331 Ark. 144, 148, 958 S.W.2d 7, 8 (1998) (approving the rule adopted by the court of appeals in *Hamilton v. Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982)); *see also Moses v. Hanna's Candle Co.*, 366 Ark. 233, 234 S.W.3d 872 (2006).

■ Based on the foregoing, we hold that the circuit court lacked jurisdiction to determine whether the employees' injuries were covered under our Workers' Compensation Act. That determination lies exclusively with the Commission, as the facts presented below are not so one-sided as to demonstrate that the WCA does not apply as a matter of law. *See, e.g., Stocks, supra.* We dismiss the instant appeal, with leave for the parties to pursue a determination before the Commission. We wish to emphasize that our ruling applies only to the issues certified pursuant to Ark. R. Civ. P. 54(b); the plaintiffs' remaining claims in the circuit court are not before us at this time.

Dismissed.

SPECIAL JUSTICE ROGER D. ROWE joins.

GLAZE, J., not participating.