GET RID of IT ARKANSAS, INC. *v.* Shari HUGHES, Individually and as Co-Personal Representative of the Estate of Johnathan Hughes, Jr., Deceased; Johnathan Hughes, Sr., Individually and as Co-Personal Representative of the Estate of Johnathan Hughes, Jr., Deceased; Avco Corporation, Inc.; Glenn Thweatt; Faith Aviation, Inc.; PTI Technologies, Inc.; and Honorable David F. Guthrie

06-1255                                    247 S.W.3d 838

Supreme Court of Arkansas
Opinion delivered January 25, 2007

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *John E. Pruniski, III*, and *Quentin E. May*, for petitioner.

*Hare, Wynn, Newell & Newton, LLP*, Little Rock, AR, by: *Paul Byrd*; *Hare, Wynn, Newell & Newton, LLP*, Birmingham, AL, by: *James J. Thompson, Jr.*, and *Nolan E. Awbrey*, for respondents.

TOM GLAZE, Justice. Get Rid of It Arkansas, Inc. ("Get Rid of It") petitions this court for a writ of prohibition in response to the circuit court's denial of its motion to dismiss. Get Rid of It argues that the circuit court does not have jurisdiction to decide whether the Workers' Compensation Act, codified at Ark. Code Ann. §§ 11-9-101 to -1001 (Repl. 2002 & Supp. 2005), bars the negligence suit that has been filed by Respondents[1] Shari Hughes and Johnathan Hughes, Sr., both of whom filed individually and as co-personal representatives of the estate of Johnathan Hughes, Jr., deceased. In support of its position, Get Rid of It asserts that the Workers' Compensation Commission has exclusive jurisdiction to determine whether an employer-employee relationship existed between Get Rid of It and Johnathan Hughes, Jr. (Johnathan) at the time of the accident.

In May 2005, the Hugheses,[2] in their individual and representative capacities, filed a wrongful-death lawsuit against Get Rid of It and the other named respondents under Arkansas's survival and wrongful-death statutes. In that complaint, the Hugheses alleged a cause of action in tort against Get Rid of It. The Hugheses' complaint alleged that Get Rid of It hired Johnathan in June 2003 to drive its trucks from New York to El Dorado, which was Get Rid of It's principal place of business. On the evening of January 5, 2004, Glenn Thweatt, President of Get Rid of It, was flying Johnathan to Memphis, where he would have then caught a commercial plane to New York to pick up a truck for Get Rid of It. Unfortunately, Thweatt's plane crashed, and Johnathan was killed due to the injuries he sustained in the accident.

In response to the Hugheses' wrongful-death lawsuit, Get Rid of It pled in its answer that Johnathan may have been acting within his scope of employment at the time of the accident, and, thus, the Arkansas Workers' Compensation Act provided the exclusive remedy for the Hugheses. In addition, Get Rid of It filed

---

[1] Other respondents named are Avco Corporation, Inc.; Glenn Thweatt; Faith Aviation, Inc.; and PTI Technologies, Inc. However, the Hugheses are the only Respondents who have replied to Get Rid of It's petition for a writ of prohibition.

[2] Shari Hughes, Johnathan's wife, and Johnathan Hughes, Sr., Johnathan's father.

a motion to dismiss the action, or in the alternative, to stay the proceedings, again contending that the Workers' Compensation Act was the exclusive remedy for the Hugheses and submitting that the circuit court was without jurisdiction to decide the issue. The Hugheses responded to the motion to dismiss, contending that Johnathan was not a Get Rid of It employee at the time of the accident; rather, he was an independent contractor working on an "as needed" basis.

The circuit court denied the motion to dismiss, finding that Johnathan fit the narrow exception to the exclusivity doctrine. From this denial, Get Rid of It petitions this court for a writ of prohibition, arguing mainly that the circuit court was without subject-matter jurisdiction to hear this case.

A writ of prohibition lies only where (1) the circuit court is wholly lacking in jurisdiction, *and* (2) there is no other adequate remedy available. *See Coonrod v. Seay*, 367 Ark. 437, 241 S.W.3d 252 (2006). Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Id.* This court confines its review to the pleadings in the case. *Id.* Moreover, prohibition is never used to prohibit a trial court from erroneously exercising its jurisdiction. *Id.*

Keeping in mind our standard of review, we turn to the first requirement for granting a writ of prohibition: determining whether the circuit court is wholly lacking in jurisdiction over the case. *Id.* In addressing this very same issue, we recently held in *Coonrod v. Seay, supra,* that the Workers' Compensation Commission has exclusive jurisdiction to determine whether a person is an employee at the time of the accident. *Id.* In *Coonrod*, much like the instant case, Coonrod petitioned this court for a writ of prohibition when the circuit court denied his motion for summary judgment; in his petition, Coonrod contended that Seay's claims were exclusively barred by the Workers' Compensation Act. We noted that Seay had contested his status as an "employee" at the time of the accident, but Coonrod, in reply, contended that, under *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 970 S.W.2d 810 (1998), whether an employer-employee relationship existed between Seay and Coonrod is a threshold decision exclusively within the jurisdiction of the Workers' Compensation Commission. We agreed with Coonrod that the Commission had exclusive jurisdiction to determine whether Seay was an employee at the time of the accident. Consequently, we granted Coonrod's petition for writ of prohibition and stated the following:

Seay nonetheless suggests that the circuit court did have jurisdiction to determine whether he was Coonrod's employee under an exception set forth in *Van Wagoner*. The *Van Wagoner* exception only applies to a narrow category of cases where the facts are so one-sided that it is clear the Act does not apply as a matter of law. Seay claims the facts in this case are one-sided in favor of a finding that JESS is his only employer. Based on this claim, Seay argues that the circuit court did have jurisdiction to make that factual determination as a matter of law.

Seay's argument is misplaced. In *Merez v. Squire Court Limited*, 353 Ark. 174, 114 S.W.3d 184 (2003), the issue before this court was whether Merez was an employee of Squire Court or an employee of Carson Equities, LLC, an independent general contractor, and the facts were in conflict as to who was Merez's employer. *Id.* For example, Merez received paychecks from both Squire Court and Carson, but Squire Court never directed Merez's work. *Id.* Because conflicting facts existed, we held that the facts were not so one-sided as to demonstrate, as a matter of law, that the Act did not apply. *Id.*

Similarly, the facts here are in conflict as to who was Seay's employer at the time of his injury. JESS handled the administrative tasks, such as the hiring and issuing of paychecks and benefits; whereas, Coonrod was responsible for supervising and terminating workers, as well as keeping track of workers' hours. Thus, we cannot say that the facts in this case are so one-sided that one can determine, as a matter of law, that the Act does not apply. Consequently, we conclude that the circuit court was wholly without jurisdiction.

*Coonrod*, 367 Ark. at 441-42, 241 S.W.3d at 256. Here, in response to Get Rid of It's motion to dismiss, the Hugheses argued that Johnathan was not an employee of Get Rid of It at the time of the accident, and the circuit court agreed, stating the following:

The law is clear that the Workers' Compensation Commission has exclusive jurisdiction to determine jurisdiction unless the facts are so one-sided that the issue is no longer one of fact but of law. In the present case, the facts that [Johnathan] was not an employee weigh so heavily that the issue is decided as a matter of law.

We hold that the circuit court erred in making its ruling.

■ As explained in *Coonrod*, when conflicting testimony exists, the narrow exception to the exclusivity doctrine cannot be satisfied. *See Merez v. Squire Court Ltd., supra* (holding that when conflicting facts exist, the facts are not so one-sided as to demonstrate, as a matter of law, that the Workers' Compensation Act did not apply). Here, the facts are in conflict as to whether Johnathan was a Get Rid of It employee at the time of his accident. While the Hugheses adamantly contended that Johnathan was not one of Get Rid of It's employees for a gamut of reasons, Get Rid of It contended:

> At all relevant times, [Get Rid of It] had the right to control [Johnathan's] work and [Johnathan] was under its control. Further, [Johnathan] was paid $170 per day; [Get Rid of It] furnished the truck, training, cell phone, liability insurance, and reimbursed expenses to [Johnathan], [Get Rid of It] scheduled and paid for all of [Johnathan's] transportation to New York.

The allegations offered by Get Rid of It present clear conflicts in evidence. Because such conflicts exist, we cannot say that the facts in this case are so one-sided that one can determine, as a matter of law, that the Workers' Compensation Act is inapplicable, rendering the circuit court without jurisdiction.

The second requirement for granting a writ of prohibition is that no other remedy be available to the petitioner. *Coonrod* is dispositive of this issue as well. In *Coonrod*, we explained that a writ of prohibition can be granted from a denial of a motion for summary judgment because, as a general rule of appellate procedure, a denial of a motion for summary judgment is not subject to review on appeal, even after a trial on the merits. *Coonrod, supra.*

In this case, the circuit court considered matters outside the pleadings when it entered its order. This is demonstrated in paragraph three of the court's order of dismissal, which stated, "*3. Plaintiff's Exhibit 3* sets forth 18 numbered facts bearing on this issue." (Emphasis added.) A motion to dismiss will be considered as a motion for summary judgment when matters outside of the pleadings are considered. Ark. R. Civ. P. 12(b)(6) (2006); *Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006).

■ Here, the parties came before the circuit court on June 20, 2006. At that time, both Get Rid of It and the Hugheses filed exhibits before the circuit court. More specifically, the Hugheses

filed three exhibits. The third exhibit listed 18 numbered facts that explained why Johnathan was not a Get Rid of It employee as a matter of law. The circuit court clearly considered this exhibit, a matter outside the pleadings, in making its decision. Thus, we must treat this denial of a motion to dismiss as a denial of a motion for summary judgment. Under *Coonrod*, a writ of prohibition is appropriate from a denial of a motion for summary judgment. Because a denial of a motion for summary judgment is not subject to review on appeal, even after a trial on the merits, Get Rid of It has no other adequate remedy apart from a writ of prohibition.

Consequently, under *Coonrod, supra*, we grant the writ of prohibition because the circuit court was wholly without jurisdiction to determine whether Johnathan was an employee of Get Rid of It at the time of this accident, *and* Get Rid of It has no other adequate remedy available.

Writ granted.