Cleveland R. ELLIS  *v.*  Florida EWINGS, Administratrix;
Will Annex;  In the Matter of Estate of
Hazel Tatum Bowers, deceased

07–706                                                        261 S.W.3d 464

Supreme Court of Arkansas
Opinion delivered September 6, 2007

Appellant, pro se.

*Bennie O'Neil,* for appellee.

PER CURIAM.  Cleveland R. Ellis seeks a writ of prohibition from this court. He asserts that an order for immediate possession issued by the circuit court on July 24, 2007, and a writ of possession issued on July 25, 2007, are null and void because the circuit court was without jurisdiction to act after he removed the case to the United States District Court for the Eastern District of Arkansas.

A hearing was set for July 24, 2007, in circuit court on Ewing's complaint for unlawful detainer. Earlier that same day Ellis filed a Notice of Removal to the United States District Court, and he filed a copy of the Notice of Removal in the circuit court at 3:20 p.m. At 4:25 p.m., on the same day, the circuit court entered the order for immediate possession.

Removal is effective upon filing a notice of removal in both relevant state and federal courts and providing notice to the other parties in the case (Ellis provided notice by mail). *In re Diet Drugs,* 282 F.3d 220 (3d Cir. 2002). At that time, the state court

may proceed no further unless and until the case is remanded. *Id.* A proper filing of a notice of removal immediately strips the state court of jurisdiction. *Id.* Any acts undertaken by the state court after removal are null and void and remain so even if the case is remanded. *Id.* Therefore, the circuit court was without jurisdiction to act on July 24, 2007, at 4:25 p.m., and did not again acquire jurisdiction until July 27, 2007, when the case was remanded from the United States District Court. Because the pleadings show that the circuit court was wholly without jurisdiction to act when the order for immediate possession and writ of possession were issued, the writ of prohibition must issue. *See, e.g., Coonrod v. Seay,* 367 Ark. 437, 194 S.W.3d 765 (2006). Notice of filing noted.