2013 Ark. 287

**REYNOLDS METAL COMPANY, Petitioner**

v.

**CIRCUIT COURT OF CLARK COUNTY and Billy C. Kirksey, Respondents.**

**No. CV–12–922.**

Supreme Court of Arkansas.

June 27, 2013.

Wright, Berry, Moore & White, P.A., Arkadelphia, by: Rodney P. Moore; Hawkins Parnell Thackston & Young LLP, by: Edward M. Slaughter and H. Barret Marshall, Jr.; and K & L Gates LLP, by: Michael J.R. Schalk and Gregory T. Sturges, for petitioner.

Dustin McDaniel, Att'y Gen., by: David A. Curran, Ass't Att'y Gen., for respondent Circuit Court of Clark County, Arkansas.

Robert S. Tschiemer; and Edward O. Moody, P.A., by: Edward O. Moody, Little Rock, for respondent Billy C. Kirksey.

Martin Law Firm, Fayetteville, by: Mark L. Martin; and Law Office of Brent M. Rosenthal, PC, by: Brent M. Rosenthal, for amicus curiae AFL–CIO.

COURTNEY HUDSON GOODSON, Justice.

|1|Petitioner Reynolds Metal Company (Reynolds) filed in this court a petition for writ of prohibition following the entry of an order by the Clark County Circuit Court denying its motion to dismiss the complaint of its former employee, respondent Billy C. Kirksey. Under the exclusive-remedy doctrine provided under the Arkansas Workers' Compensation Act, Reynolds contends that the circuit court lacks jurisdiction over the common-law tort claims Kirksey has asserted against it. We grant the writ of prohibition for the reasons explained below.

The record reflects that Kirksey was employed at Reynolds's aluminum-processing plant near Arkadelphia from 1957 to 1989. On December 17, 2009, Kirksey filed an occupational-disease claim for benefits before the Arkansas Workers' Compensation Commission (Commission), alleging that he "was exposed to asbestos while on the job |2|causing cancer." The parties submitted the matter to the administrative law judge based on the following stipulations; that Kirksey's employment ended on August 3, 1989; that Kirksey's last injurious exposure to asbestos would have occurred prior to that date; and that Kirksey was diagnosed with bladder cancer on July 1, 2004. The law judge applied the statute of limitations pertinent to as-

bestosis and found that Kirksey's claim was time-barred. *See* Ark.Code Ann. § 11–9–601(g)(1)(B) (Repl.2012); Ark.Code Ann. § 11–9–702(a)(2)(B) (Repl.2012).

Kirksey did not appeal the law judge's decision to the full Commission. Instead, he filed suit against Reynolds in circuit court.[1] In his complaint, Kirksey alleged that, during his employment with Reynolds, he "was exposed to and did inhale coal tar pitch, coal tar volatiles, and polycyclic aromatic hydrocarbons (PAHs)," which caused his bladder cancer and his disability. Based on this factual predicate, he asserted claims for negligence; strict liability; breach of implied warranty; gross, willful, and wanton conduct; fraud; and unjust enrichment. In response, Reynolds filed a motion to dismiss the complaint in reliance on the exclusive remedy afforded by Arkansas Code Annotated section 11–9–105 (Repl.2012) of the Workers' Compensation Act. Kirksey replied that his occupational disease was not covered under the Act; thus, he was free to seek common-law remedies in circuit court. After a hearing, the circuit court accepted Kirksey's argument and denied Reynolds's motion to dismiss. The |₃court ruled that the Act covers only claims for occupational disease that occur within the statute of limitations and that, where a plaintiff's injury or disease manifests after the statute of limitations has expired, a circuit court has the authority to exercise jurisdiction over the plaintiff's claims. Reynolds has now pursued a writ of prohibition in this court. We took the petition as a case and ordered the parties to brief the issues.

In support of the petition, Reynolds argues that the circuit court is wholly without jurisdiction to consider Kirksey's claims because of the exclusive remedy provided by the Workers' Compensation Act. Reynolds asserts that occupational diseases are covered by workers' compensation and that the expiration of the statute of limitations does not take an occupational disease outside the scope of the Act. Kirksey responds that his bladder cancer does not come within the purview of workers' compensation because the Act does not cover diseases that manifest beyond the one-year period following the last injurious exposure. We must grant the writ, but not for the reason argued by Reynolds.

A writ of prohibition is extraordinary relief that is appropriate only when the trial court is wholly without jurisdiction. *White v. Palo,* 2011 Ark. 126, 380 S.W.3d 405. The purpose of the writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Parker v. Crow,* 2010 Ark. 371, 368 S.W.3d 902. Prohibition is a proper remedy when the jurisdiction of the trial court depends on a legal rather than a factual question. *Porocel Corp. v. Cir. Ct. of Saline Cnty.,* 2013 Ark. 172, 2013 WL 1776648. Prohibition is never issued to prohibit a trial court from erroneously exercising jurisdiction. *Int'l Paper Co. v. Clark Cnty. Cir. Ct.,* 375 Ark. 127, 289 S.W.3d 103 (2008).

|₄Beginning with the decision in *VanWagoner v. Beverly Enterprises,* 334 Ark. 12, 16, 970 S.W.2d 810, 812 (1998), this court has consistently followed the rule that the Arkansas Workers' Compensation Commission "has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort." *See, e.g., Int'l Paper Co., supra;*

---

1. In addition to Reynolds, Kirksey also sued Koppers, Inc.; Beazer East, Inc.; Beazer USA, Inc.; Beazer, PLC; Union Carbide Corp.; Allied Chemical Corp.; Ashland Chemical; Columbia Carbon; U.S. Steel; Darragh Corp.; and John Does 1–10.

*Erin, Inc. v. White Cnty. Cir. Ct.*, 369 Ark. 265, 253 S.W.3d 444 (2007); *Coonrod v. Seay*, 367 Ark. 437, 241 S.W.3d 252 (2006); *Moses v. Hanna's Candle Co.*, 366 Ark. 233, 234 S.W.3d 872 (2006); *Stocks v. Affiliated Foods Sw., Inc.*, 363 Ark. 235, 213 S.W.3d 3 (2005); *Merez v. Squire Court Ltd. P'ship*, 353 Ark. 174, 114 S.W.3d 184 (2003); *WENCO Franchise Mgmt., Inc. v. Chamness*, 341 Ark. 86, 13 S.W.3d 903 (2000) (per curiam). Thus, when a party to a lawsuit raises a question of whether a person enjoys immunity as an employer under the Workers' Compensation Act, the Commission must first decide the issue. *Miller v. Enders*, 2010 Ark. 92, 2010 WL 682268; *McCarthy v. Pulaski Cnty. Cir. Ct.*, 366 Ark. 316, 235 S.W.3d 497 (2006). In adopting this rule, we have explained that the Commission has vast expertise in this area and that the goals of uniformity, speed, and simplicity would best be achieved by granting the Commission the exclusive, original jurisdiction to determine the applicability of the Workers' Compensation Act. *Carter v. Ga.–Pac. Resins, Inc.*, 368 Ark. 19, 242 S.W.3d 616 (2006) (*citing Johnson v. Union Pac. R.R.*, 352 Ark. 534, 541, 104 S.W.3d 745, 748 (2003)).

■■ A review of the record in this case reveals that Kirksey filed a claim before the Commission asserting that he "was exposed to *asbestos* while on the job causing cancer." In his complaint in circuit court, he alleged that his bladder cancer was caused by exposure to "*coal tar pitch, coal tar pitch volatiles, and polycyclic aromatic hydrocarbons (PAHs)*." Obviously, the claim presented in the circuit court is not the same one that was adjudicated before the law judge, who decided a claim based on asbestos exposure, not exposure to coal tar pitch. This variance is critical, primarily because the limitations periods for occupational diseases are different, depending on the type of exposure. In the asbestos claim actually presented to the Commission, the law judge applied the limitations period for claims based on asbestosis pursuant to Arkansas Code Annotated sections 11–9–601(g)(1)(B) and 11–9–702(a)(2)(B).[2] On the other hand, the limitations period for an occupational disease caused by exposure to coal tar pitch is governed by Arkansas Code Annotated section 11–9–601(g)(1)(B) in conjunction with Arkansas Code Annotated section 11–9–702(a)(2)(A).[3] The question before this court is whether coverage is afforded by the Act, and this question is tied to the issue of whether the statute of limitations has run. Whether a statute of limitations has expired is a question of fact for the Commission to resolve. *See Houston Contracting Co. v. Young*, 267 Ark. 322, 590 S.W.2d 653 (1979). In this case, the Commission has yet to determine whether a claim for occupational disease based on exposure to coal tar pitch is covered by the Act. Based on the well-established rule of exclusive jurisdiction, any claim for occupational disease as a result of exposure to this substance must first be presented to and decided by the Commission.

In addition, this is not a case where the facts are so one-sided that the issue can be determined as a matter of law because an essential fact is missing from the record. This court has held that, in silicosis and

---

2. In accordance with the statutes, two requirements must be met in order to recover: (1) the time of disablement must have occurred within three years from the date of the last injurious exposure, and (2) the claim for compensation must be filed within one year after the time of disablement.

3. Under these statutes, the two requirements for recovery are (1) the time of disablement must have occurred within one year of the last injurious exposure, and (2) the claim for compensation must be filed within two years from the date of the last injurious exposure.

asbestos cases, the statute of limitations begins to run at the time of disablement, not at the time the claimant learns that he is suffering from the disease. *See Porocel, supra; Ark. Coal Co. v. Steele,* 237 Ark. 727, 730, 375 S.W.2d 673, 675 (1964); *Rannals v. Smokeless Coal Co.,* 229 Ark. 919, 921, 319 S.W.2d 218, 220 (1959). Under Arkansas Code Annotated section 11–9–601(g)(1)(B), the same is true for other occupational diseases. While the parties' stipulations included the date of Kirksey's last exposure and the date he was diagnosed with bladder cancer, the record does not disclose the time of Kirksey's disablement. This fact must be in evidence before there can be a determination of whether Kirksey's claim was timely.[4]

In conclusion, Kirksey has submitted no claim to the Commission for an occupational disease resulting from exposure to coal tar pitch. Our case law dictates that the Commission has exclusive jurisdiction to decide this issue in the first instance. This court has stated a number of times that when encroachment on the jurisdiction of the Workers' Compensation Commission is clear, a writ of prohibition is clearly warranted. *Porocel, supra; Int'l Paper Co., supra; Erin, Inc., supra; W. Waste Indus. v. Purifoy,* 326 Ark. 256, 930 S.W.2d 348 (1996); *Hill v. Patterson,* 313 Ark. 322, 855 S.W.2d 297 (1993). Because Kirksey's claim has not been submitted to the Commission, the circuit court lacked jurisdiction to decide this case. *Miller, supra.* Remaining true to the law, we issue the writ of prohibition with leave for the parties to pursue a determination before the Commission. *See id.*

Petition for writ of prohibition granted.

BAKER and HART, JJ., dissent.

JOSEPHINE LINKER HART, Justice, dissenting.

Even though the majority holds otherwise, the parties have been to the Commission and obtained a ruling. The majority's analysis is wrong for two reasons. First, the majority speculates that the administrative law judge limited his analysis only to a claim for exposure to asbestos. The administrative law judge's opinion, however, indicates that the issues presented were whether Kirksey "sustained a compensable injury as the result of a *chemical exposure* on the job within the meaning of the Arkansas workers' compensation laws" and whether the "claim was barred by the applicable statute of limitations." (Emphasis added.) Second, as to the majority's assertion that the Commission must make a finding on the "time of disablement," the parties maintain that Kirksey's bladder cancer is an occupational disease, and an "occupational disease" is defined in part as "any disease that *results in disability.*" Ark.Code Ann. § 11–9–601(e)(1)(A) (Repl.2012) (emphasis added). Kirksey and Reynolds stipulated before the administrative law judge that the initial diagnosis of bladder cancer was on July 1, 2004, and no earlier time for this disability was stipulated, pleaded, or even argued by the parties. Thus, the parties stipulated the date that Kirksey suffered from a disability. The parties know their case better than we do, and the parties and the administrative law judge need not use thaumaturgic words to describe what should be apparent to this court. This date was well after Kirksey's last "injurious exposure," which was stipulated to have occurred before August 3, 1989. The

---

4. We note that the law judge determined that the asbestos claim was time-barred without making a finding concerning the date of disablement. This case comes to us on a writ of

prohibition from the circuit court. The propriety of the law judge's decision is not before us.

administrative law judge denied the occupational-disease claim, finding that the "claim was barred by the applicable statute of limitations." Whichever statute of limitations is considered—and the administrative law judge considered them all—the claim falls outside of it.[1]

After the hearing before the administrative law judge, the parties presented to the circuit court that Kirksey sustained a 2004 bladder-cancer disability as a result of a chemical exposure. The only remaining issue was the one identified by the litigants and addressed by the circuit court, which was whether, given the administrative law judge's denial of the workers' compensation claim, the court could exercise jurisdiction over the tort claim. The court found that the Act "covers only those occupational diseases occurring within the statute of limitations provided for in the Act, and where a plaintiff's injury or disease manifests itself after the statute of limitations provided for in the Act has lapsed, *as is the case here*, the circuit |9court may exercise jurisdiction over the plaintiffs claims." (Emphasis added.) There are no unknown facts; there is only a question of law. The Commission "has exclusive, original jurisdiction to determine the facts that establish jurisdiction, *unless the facts are so one-sided that the issue is no longer one of fact but one of law.*" *VanWagoner v. Beverly Enters.,* 334 Ark. 12, 16, 970 S.W.2d 810, 812 (emphasis added). Additional fact-finding is unnecessary as it will not change the issue.

The majority nevertheless grants the litigants "leave" to pursue a "determination" before the Commission. The majority does not explain by what authority we can order the Commission to consider Kirksey's occupational-disease claim again, and the case the majority cites, *Miller v. Enders,* 2010 Ark. 92, 2010 WL 682268, is distinguishable, because the claim there had never been heard by the Commission. We do not have this authority with respect to the Commission. *See Ward Sch. Bus Mfg. v. Fowler,* 261 Ark. 100, 547 S.W.2d 394 (1977) (holding that we have only appellate jurisdiction with respect to the Commission). Moreover, the administrative law judge's decision denying Kirksey's occupational-disease claim is a final order, *see* Ark.Code Ann. § 11–9–711(a)(1) (Repl. 2012), so it is doubtful that the same claim can be relitigated. *See, e.g., In re Estate of Goston v. Ford Motor Co.,* 320 Ark. 699, 898 S.W.2d 471 (1995) (explaining the concept of res judicata and its two facets of issue preclusion and claim preclusion).

The majority's decision to grant "leave" to return to the Commission to obtain findings that do not further develop the issue before this court is confounding. Interestingly, the basis for the majority's ruling was not argued by either party. Unfortunately, the majority's |10holding requires the litigants to put forth more time, money, and effort to obtain these unnecessary findings so that they may bring to this court again the very question that the circuit court ruled on and that is squarely

---

1. Even if this issue had not been addressed by the administrative law judge, the circuit court recognized that, as presented by the parties, the question before it centered on an "injury or disease [that] manifest[ed] itself after the statute of limitations provided for in the Act ha[d] lapsed." This is a question of law. The Commission "has exclusive, original jurisdiction to determine the facts that establish jurisdiction, *unless the facts are so one-sided that*

the issue is no longer one of fact but one of law." *VanWagoner v. Beverly Enters.,* 334 Ark. 12, 16, 970 S.W.2d 810, 812 (emphasis added). Likewise, even if the majority were correct that the administrative law judge considered only a claim for exposure to asbestos, it would not affect the question of law presented here, as all claims clearly fall outside any available statute of limitations.

before us in this appeal. We should answer the question.

Therefore, I respectfully dissent.

BAKER, J., joins.