Elizabeth PHILLIPS *v.* ARKANSAS STATE HIGHWAY
AND TRANSPORTATION DEPARTMENT

CA 95-160 916 S.W.2d 128

Court of Appeals of Arkansas
En Banc
Opinion delivered February 28, 1996

*Webb & Doerpinghaus*, by: *Charles J. Doerpinghaus, Jr.*, for appellant.

*Calvin Gibson*, for appellee.

OLLY NEAL, Judge. Elizabeth Phillips appeals from the decision of the Arkansas Workers' Compensation Commission, alleging error in the Commission's holding that the Commission does not have jurisdiction over her complaint of sexual harassment.

Appellant began working for the Arkansas Highway and Transportation Department in 1986. In 1987 appellant was transferred to North Little Rock where she came under the supervision of Homer Blair. Appellant testified that from May 1987 to January 1991 she was sexually harassed by Homer Blair. Such harassment included being asked to have sex with Mr. Blair, on one occasion having her breast touched by Blair, and being ordered to burn several pornographic tapes at Blair's

instruction. The record contains appellant's psychological evaluation and reevaluation. There is also testimony concerning the injuries appellant claims to have suffered. Appellant filed a claim for workers' compensation because of post-traumatic stress syndrome as a result of the sexual harassment by her supervisor.

The administrative law judge held that sexual harassment is not a risk to which an employee is exposed because of the nature of the employment but is a risk to which the employee could be equally exposed outside the employment. The law judge also held that intentional personal acts associated with sexual harassment do not arise out of and in the course of employment and are not risks associated with employment. The law judge found that the Commission has no jurisdiction over this case because a claim for sexual harassment is neither covered nor barred by the Act.

Appellant appealed to the Full Commission. The Full Commission held it did not have jurisdiction over appellant's complaint, that personal acts associated with sexual harassment do not arise out of and in the course of employment and are not risks associated with a claimant's employment. We hold that the Commission's finding that it did not have jurisdiction over appellant's claim was incorrect and must be reversed.

■ Whether sexual harassment may constitute a compensable injury under workers' compensation law is an issue we have not previously addressed. Other jurisdictions have addressed the issue with mixed results. See cases collected in Annotation, *Workers' Compensation: Sexual Assaults as Compensable*, 52 A.L.R. 4th 731 (1987) and 2A Arthur Larson and Lex K. Larson, *The Law of Workmen's Compensation* § 68.34(d) (1995). The United States District Court for the Western District of Arkansas addressed the issue applying Arkansas law and stated that it believed that the Arkansas courts would hold that sexual harassment does not fall within the purpose and intent of the workers' compensation law. *King* v. *Consolidated Freightways Corp.*, 763 F.Supp. 1014, 1017 (W.D. Ark. 1991). Despite the well-reasoned opinion in *King, supra*, we find that Arkansas Workers' Compensation statutes do not exclude sexual harass-

ment claims.[1]

Arkansas Workers' Compensation laws provide a remedy to workers injured or killed from an accidental injury arising out of and in the course of employment. Ark. Code Ann. § 11-9-102(4) (1987). We have recognized that a non-traumatically induced mental illness is compensable if it is causally connected to or aggravated by extraordinary work-related stress. *See City of Ft. Smith* v. *Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992); *McClain* v. *Texaco, Inc.*, 29 Ark. App. 218, 780 S.W.2d 34 (1989). Claimant alleged that she suffered a non-traumatically induced mental illness caused by extraordinary work-related stress due to continuous sexual harassment by her supervisor. Thus, the inquiry the Commission must make is whether the claimant sustained a compensable injury arising out of and in the course of the employment relationship. In this case, the Commission failed to make such an inquiry. Instead, it erroneously adopted a rule that sexual harassment could never arise out of and in the course of an employment relationship. The Commission should have inquired into the facts and circumstances of appellant's claim and determined whether they supported her assertion that her injury arose out of and in the course of her employment.

It appears undisputed that a portion of the alleged incidents at issue in this case occurred "in the course" of appellant's employment. Appellant claims that she was harassed by her supervisor while she was at work in her office. Thus, the real question is whether the alleged incidents "arose out of" the employment relationship.

In order for an injury to arise out of employment, it must be a natural and probable consequence or incident of the employment and a natural result of one of its risks. *Deffenbaugh Indus.* v. *Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993). To determine this issue, the Commission should apply the same rule to sexual harassment cases that it applies in assault cases: an injury arises out of the employment if the risk is increased by the nature or setting of the work. *See Welch's Laundry & Cleaners*

---

[1] Appellant's injury occurred prior to July 1, 1993; thus, the 1987 version of the Workers' Compensation statute applies.

v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Whether sexual harassment is a risk to which an employee is exposed because of the nature of the work environment is a fact that should be decided on a case-by-case basis, and it was error for the Commission to find that it did not have jurisdiction because sexual harassment could never arise out of and in the course of the employment.

 It is not for us or the Commission to decide whether sexual harassment is the type of injury workers' compensation should cover. If the workers' compensation statutes are to be changed to exclude sexual harassment claims, it must be done by the Arkansas General Assembly.[2]

 Appellee urges us to affirm the Commission's decision because it made an alternative finding that the claimant failed to meet her burden of proving a work-related stress claim. However, in light of the Commission's express finding that it did not have jurisdiction over the claim at all, that finding was *obiter dictum*. Thus, we reverse and remand to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.

JENNINGS, C.J., MAYFIELD, COOPER, STROUD, and GRIFFEN, JJ., agree.

---

[2] In 1993, the Arkansas Legislature amended the Workers' Compensation laws by revising the definition of compensable injury and by adding Ark. Code Ann. § 11-9-113 (Supp. 1995), which provides that "A mental injury or illness is not a compensable injury unless it is caused by a physical injury to the employee's body." We express no opinion on the issue of whether the legislature has excluded sexual harassment claims from the purview of Workers' Compensation laws by this amendment.