

# SUPREME COURT OF ARKANSAS

**No.** CV–14–400



| | |
|---|---|
| ENTERGY ARKANSAS, INC.; ENTERGY OPERATIONS, INC.; AND DP ENGINEERING, LTD. CO. <br> **PETITIONERS** <br><br> V. <br><br> POPE COUNTY CIRCUIT COURT <br> **RESPONDENT** <br><br> SUSAN ALLEN, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF WADE WALTERS, DECEASED <br> **SEPARATE RESPONDENT** | **Opinion Delivered** December 11, 2014 <br><br> PETITION FOR WRIT OF PROHIBITION OR CERTIORARI; PETITION FOR WRIT OF PROHIBITION <br><br><br><br><br> <u>PETITIONS FOR WRIT OF PROHIBITION GRANTED</u>. |

**JIM HANNAH, Chief Justice**

Petitioners Entergy Arkansas, Inc. ("Entergy Arkansas"); Entergy Operations, Inc.

("Entergy Operations") (collectively "Entergy"); and DP Engineering, Ltd. Co. ("DP") seek

an extraordinary writ of prohibition against the Pope County Circuit Court and Susan Allen,

individually, and as administratrix of the estate of Wade Walters, deceased.[1] Petitioners argue

---

[1] While not named as a respondent by the petitioners, Allen has assumed the role of a separate respondent for purposes of this petition. This court has observed that the proper party as respondent to a petition for writ of prohibition is the circuit court, not the judge, and not an injured worker. *See Int'l Paper Co. v. Clark Cnty. Cir. Ct.*, 375 Ark. 127, 289 S.W.3d 103 (2008). However, in the instant case, the Attorney General notified this court on May 9, 2014, that it would not file a response to Entergy's petition on behalf of the named respondent, the Pope County Circuit Court. *See* Ltr. from David A. Curran, Deputy Att'y Gen., to Les Steen, Clerk, *Re Entergy Ark., Inc. v. Pope Cnty. Cir. Ct.*, No. CV–14–400 (May 9, 2014). On May 19, 2014, this court granted DP's motion for leave to join in Entergy's

that the circuit court acted wholly without jurisdiction to determine whether they are immune from tort liability, pursuant to the Arkansas Workers' Compensation Act ("the Act"), because that decision is within the exclusive jurisdiction of the Arkansas Workers' Compensation Commission ("the Commission"). We grant the petitions for writ of prohibition.

In the underlying case, Entergy Arkansas owns the Arkansas Nuclear One plant ("ANO") near Russellville. Entergy Operations, an agent of Entergy Arkansas, operated the plant and contracted with Precision Surveillance Company ("PSC") to provide civil engineers for a project at the ANO to lift and to remove a generator stator from ANO's turbine building and then to replace it with a newly refurbished generator stator. On March 31, 2013, during the course of the project, a steel beam fell from a collapsed crane onto twenty-four-year-old Wade Walters, a journeyman iron worker and PSC employee, who died as a result of multiple crushing injuries. Eight other workers suffered injuries during the accident.

On July 2, 2013, Susan Allen, individually and as the administratrix of Walters's estate, filed a personal-injury action in the Pope County Circuit Court, naming multiple defendants, including Entergy, DP, and others. In the amended complaint filed July 30, 2013, Allen alleged counts of wrongful death, ordinary negligence, negligent hiring, negligent training, negligent supervision, negligent retention, and negligent hiring of an independent contractor. Allen further sought declaratory judgment, punitive damages, and a jury trial. No claim was filed with the Commission.

---

petition, and DP filed its petition for writ of prohibition on June 5, 2014.

Entergy filed a motion to dismiss for lack of subject-matter jurisdiction, asserting immunity under the exclusive-remedy provisions of the Act, or, alternatively, a motion to stay the action pending a review by the Commission. Specifically, in its motion to dismiss, Entergy asserted that, because Walters was a statutory employee of Entergy at the time of his death, the exclusive-remedy provisions of the Act applied, and Entergy was immune from suit. Entergy further asserted that, if the circuit court determined that a factual question existed on the employer issue, then the Commission had exclusive, primary jurisdiction to decide its status as a statutory or special employer. In its motion to dismiss, DP asserted that its employee, John Scroggins, was a special employee of Entergy and thus was entitled to immunity as Walters's special co-employee. DP maintained that if Scroggins was immune, then DP was not vicariously liable for Walters's death. In its answer, DP also pled the affirmative defense of the exclusive-remedy provision under the Act.

On December 19, 2013, the circuit court held a hearing on three cases arising from the ANO incident, including Walters's case, *Jess Clayton v. Bigge Power Constructors*, CV-2013-269, and *Entergy Arkansas and Entergy Operations, Inc. v. Bigge Crane and Rigging Co.*, CV-2013-176. Subsequently, on March 12, 2014, the circuit court entered an order denying Entergy's and DP's motions to dismiss, finding, inter alia, that the direct cause of Walters's death was the collapse of the crane structure; that Walters was an employee of PSC at the time of his death; that Entergy Arkansas owned ANO; that Entergy Operations operated ANO as an agent of Entergy Arkansas; that Walters was covered by workers' compensation insurance provided by PSC as a named insured; that Jess Clayton and Ronnie Francis, Walters's co-

3

workers, were also injured in the accident and were covered by similar workers' compensation insurance provided by PSC; and that Entergy and DP were not Walters's primary employers. The circuit court also ruled on the following conclusions of law. With regard to Entergy's motion to dismiss, the circuit court ruled that Entergy did not satisfy the requirements of a statutory or special employer of Walters. Specifically, the circuit court found (1) that no contract for hire existed between Walters and Entergy; (2) that Walters performed work at ANO for PSC under the PSC-Entergy contract; and (3) that PSC, instead of Entergy, had the right to control Walters. With regard to DP's motion to dismiss, the circuit court ruled that Scroggins did not have a contract for hire with Entergy; that Scroggins performed work at ANO for DP under the Entergy Operations-DP contract; and that DP had the right to control Scroggins's work. Further, the circuit court ruled that the referral of Allen's claims against DP to the Commission would violate Walters's constitutional right to a jury trial pursuant to the Arkansas Constitution.

On May 7, 2014, Entergy filed a petition for writ of prohibition or certiorari with this court, arguing that the Pope County Circuit Court improperly exercised its jurisdiction over an issue that was within the exclusive jurisdiction of the Commission. Specifically, Entergy asserted that the issue to be determined by the Commission was whether a party was a statutory or a special employer under the Act. Subsequently, on June 5, 2014, DP filed a petition for writ of prohibition, arguing that any issues regarding statutory or special employment and immunity defenses should be decided by the Commission and that the circuit court lacked jurisdiction to decide those issues. DP further claimed that a writ of

prohibition should issue because the circuit court erroneously found that Entergy was not a special employer of Scroggins and that co-employee immunity did not apply to Scroggins or DP. On June 16, 2014, Allen responded to DP's petition for writ of prohibition, claiming that the circuit court properly exercised its jurisdiction when it denied DP's motion to dismiss after determining that the alleged undisputed facts were so one-sided that DP could not have established immunity as a matter of law. We took Entergy's and DP's petitions as a case, and we now consider the parties' arguments.

For their sole argument, Entergy and DP contend that the Pope County Circuit Court was wholly without jurisdiction to determine the applicability of the Act to the facts of the case. Entergy contends the circuit court lacked jurisdiction to decide their immunity status and the statutory defenses of statutory employer and special employer because the Act provides that the Commission has exclusive jurisdiction to consider these defenses. DP adopted Entergy's argument in its petition and argued that the Commission had exclusive jurisdiction to determine whether Scroggins was entitled to immunity as Walters's co-employee.

Entergy and DP ask this court to grant a writ of prohibition. It is well settled that a writ of prohibition is an extraordinary writ that is appropriate only when the lower court is wholly without jurisdiction. *Jordan v. Cir. Ct. of Lee Cnty.*, 366 Ark. 326, 235 S.W.3d 487 (2006). Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Ulmer v. Cir. Ct. of Polk Cnty.*, 366 Ark. 212, 234 S.W.3d 290 (2006). Writs of prohibition are prerogative writs, extremely narrow in scope and

SLIP OPINION

operation; they are to be used with great caution and forbearance. *Id.* Simply stated, writs

of prohibition should issue only in cases of extreme necessity. *Helena-W. Helena Sch. Dist. #2*

*of Phillips Cnty. v. Cir. Ct. of Phillips Cnty.*, 368 Ark. 549, 247 S.W.3d 823 (2007).

Generally, an employer who carries workers' compensation insurance is immune from

liability for damages in a tort action brought by an injured employee. *Gourley v. Crossett Pub.*

*Schs.*, 333 Ark. 178, 968 S.W.2d 56 (1998). This rule, known as the exclusivity doctrine,

arises from Arkansas Code Annotated section 11-9-105(a) (Repl. 2012), which provides that

> [t]he rights and remedies granted to an employee subject to the provisions of
> this chapter, on account of injury or death, shall be exclusive of all other rights
> and remedies of the employee, his legal representative, dependents, next of kin,
> or anyone otherwise entitled to recover damages from the employer, or any
> principal, officer, director, stockholder, or partner acting in his or her capacity
> as an employer, or prime contractor of the employer, on account of the injury
> or death, and the negligent acts of a coemployee shall not be imputed to the
> employer. No role, capacity, or persona of any employer, principal, officer,
> director, or stockholder other than that existing in the role of employer of the
> employee shall be relevant for consideration for purposes of this chapter, and
> the remedies and rights provided by this chapter shall in fact be exclusive
> regardless of the multiple roles, capacities, or personas the employer may be
> deemed to have.

Most recently, in *Reynolds Metal Company v. Circuit Court of Clark County*, 2013 Ark.

287, 428 S.W.3d 506, we explained the exclusivity doctrine as follows:

> Beginning with the decision in *VanWagoner v. Beverly Enterprises*, 334
> Ark. 12, 16, 970 S.W.2d 810, 812 (1998), this court has consistently followed
> the rule that the Arkansas Workers' Compensation Commission "has exclusive,
> original jurisdiction to determine the facts that establish jurisdiction, unless the
> facts are so one-sided that the issue is no longer one of fact but one of law, such
> as an intentional tort." *See, e.g.*, *Int'l Paper Co.*, [*v. Clark Cnty. Cir. Ct.*, 375
> Ark. 127, 289 S.W.3d 103 (2008)]; *Erin, Inc. v. White Cnty. Cir. Ct.*, 369 Ark.
> 265, 253 S.W.3d 444 (2007); *Coonrod v. Seay*, 367 Ark. 437, 241 S.W.3d 252
> (2006); *Moses v. Hanna's Candle Co.*, 366 Ark. 233, 234 S.W.3d 872 (2006);
> *Stocks v. Affiliated Foods Sw., Inc.*, 363 Ark. 235, 213 S.W.3d 3 (2005); *Merez*

*v. Squire Court Ltd. P'ship*, 353 Ark. 174, 114 S.W.3d 184 (2003); *WENCO Franchise Mgmt., Inc. v. Chamness*, 341 Ark. 86, 13 S.W.3d 903 (2000) (per curiam). Thus, when a party to a lawsuit raises a question of whether a person enjoys immunity as an employer under the Arkansas Workers' Compensation Act, the Commission must first decide the issue. *Miller v. Enders*, 2010 Ark. 92; *McCarthy v. Pulaski Cnty. Cir. Ct.*, 366 Ark. 316, 235 S.W.3d 497 (2006). In adopting this rule, we have explained that the Commission has vast expertise in this area and that the goals of uniformity, speed, and simplicity would best be achieved by granting the Commission the exclusive, original jurisdiction to determine the applicability of the Workers' Compensation Act. *Carter v. Ga.-Pac. Resins, Inc.*, 368 Ark. 19, 242 S.W.3d 616 (2006) (citing *Johnson v. Union Pac. R.R.*, 352 Ark. 534, 541, 104 S.W.3d 745, 748 (2003)).

*Reynolds*, 2013 Ark. 287, at 4, 428 S.W.3d at 509. This court has consistently held that the question of whether an employer-employee relationship exists between the parties is a factual issue solely within the jurisdiction of the Commission. *See Honeysuckle v. Curtis H. Stout, Inc.*, 2010 Ark. 328, 368 S.W.3d 64; *Coonrod v. Seay*, 367 Ark. 437, 241 S.W.3d 252 (2006).

In the present case, the circuit court acted wholly without jurisdiction in deciding whether an employer-employee relationship existed between Walters, Entergy, and DP. Here, the employer-employee relationship between the parties raises numerous factual questions surrounding what Entergy calls Walters's "unconventional" employment with Entergy and DP. Potential factual questions arising from the case may include, but are not limited to, the terms of the parties' employment contracts, insurance coverage, training, and control of Walters's time and manner of work. Those determinations lie exclusively with the Commission, as the facts presented below are not so one-sided that the issues of employer status and immunity can be determined as a matter of law.[2] *See Van Wagoner*, 334 Ark. at 16,

---

[2]The dissent cites the independent-contractor clause of the contract between Entergy and PSC to support its conclusion that "PSC was Walter's employer." The contract further

970 S.W.2d at 812. Thus, we hold that the circuit court lacked jurisdiction to determine the applicability of the Act in the first instance, and we decline to delve into the merits of Entergy's and DP's arguments regarding their employer status, their potential immunity defenses, and any co-employee liability raised by DP.

This court has stated that where encroachment on the jurisdiction of the Workers' Compensation Commission is clear, a writ of prohibition is clearly warranted. *Porocel Corp. v. Cir. Ct. of Saline Cnty.*, 2013 Ark. 172; *W. Waste Indus. v. Purifoy*, 326 Ark. 256, 930 S.W.2d 348 (1996); *Hill v. Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993). Therefore, we issue the writs of prohibition with leave for the parties to pursue a determination before the Commission.

Petitions for writ of prohibition granted.

BAKER and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** I dissent from the majority opinion and would deny the writ of prohibition. I agree with the majority that "this court has consistently held that the question of whether an employer-employee relationship [exists] between the parties is a factual issue solely within the jurisdiction of the Commission." Although the majority states that in the case before us "the employer-employee relationship between the parties raises numerous factual questions[,]" I disagree.

---

states that "[n]othing herein shall preclude Entergy Operations and the Owners from raising a 'Statutory Employee' defense, if applicable." This contractual language not only presents a factual question about Walters's employer-employee relationship, but it also indicates that the facts are not so one-sided that the issue should be determined as a matter of law.

Here, the record is clear. First, Walters was an employee of PSC. Second, PSC has paid Walters's workers' compensation benefits. Third, Entergy was not the employer. The contract between Entergy and PSC provides "[PSC] will have complete control of, and supervision over, its employees, tools and equipment. . . . It is expressly understood and agreed between the parties hereto that [PSC] shall be, an operate as, an independent Contractor in the performance of this Contract and shall be solely responsible for wages, benefits and safety of Contractor's employees." Accordingly, this case clearly meets the exception described in *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 970 S.W.2d 810 (1998) where we held that "the exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law." *Id.*, at 16, 970 S.W.2d at 812. The exception only applies to a narrow category of cases where the facts are so one-sided that it is clear that the issue is no longer one of fact but one of law. Such is the case here. PSC was Walters's only employer. Therefore, there is no need to send this matter to the Arkansas Worker's Compensation Commission to determine Entergy's status. Although the majority notes that the "contract further states that '[n]othing herein shall preclude Entergy Operations and the Owners from raising a 'Statutory Employee' defense if applicable," the circuit court correctly ruled that the undisputed facts could not establish a "Statutory Employee" defense as a matter of law and therefore there is no reason for the Commission to address this matter.

9

As we held in *VanWagoner*, I would hold that the facts here are so one-sided that the issue of employer status and immunity can be determined as a matter of law. Accordingly, I would deny Entergy's petition for writ of prohibition and remand the matter to circuit court for further proceedings.

HART, J., joins in this dissent.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Steven W. Quattleaum, John E. Tull III*, and *Michael N. Shannon*;

*Davis, Clark, Butt, Carithers & Taylor, PLC*, by: *Constance G. Clark, Colin M. Johnson*, and *Kelly Carithers*; and

*Munson, Rowlett, Moore and Boone, P.A.*, by: *Bruce E. Munson, Elizabeth A. Fletcher*, and *Beverly D. Rowlett*; and *Kane Russell Coleman & Logan PC*, by: *Lawrence T. Bowman* and *Sanjay K. Minocha*, for petitioners.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*;

*Walas Law Firm, PLLC*, by: *Breean Walas*; and

*Bailey & Oliver Law Firm*, by: *Sach D. Oliver, Frank H. Bailey*, and *T. Ryan Scott*, for respondents.