SLIP OPINION

Cite as 2015 Ark. 49

# SUPREME COURT OF ARKANSAS

No. CV-14-864

| | |
|---|---|
| CENTRAL FLYING SERVICE, INC., AND CAL FREENEY<br><br>PETITIONERS<br><br>V.<br><br>PULASKI COUNTY CIRCUIT COURT<br>RESPONDENT | Opinion Delivered FEBRUARY 19, 2015<br><br>PETITION FOR WRIT OF PROHIBITION<br><br><br>PETITION GRANTED. |

**PAUL E. DANIELSON, Associate Justice**

Petitioners Central Flying Service, Inc., and Cal Freeney petition this court for a writ of prohibition directed at Respondent Pulaski County Circuit Court to prohibit the circuit court from continuing to exercise jurisdiction over a wrongful-death complaint filed against them by Janet Mauldin, Administratrix and Personal Representative of the Estate of Mason Mauldin ("the Estate").[1] In support, Petitioners contend that the Arkansas Workers' Compensation Commission ("the Commission") has exclusive jurisdiction over the Estate's claim. We grant the petition for writ of prohibition.

Mauldin, a pilot, was an employee of Central Flying Service, Inc. ("CFS"). Freeney was his supervisor. On January 24, 2013, Freeney assigned Mauldin to pilot a 1998 fixed-wing single-engine Beechcraft "Bonanza" A-36 airplane, FAA Regulation No. N980SS.

---

[1]Although the instant petition is directed at the Pulaski County Circuit Court, the Estate, the plaintiff below, has filed a brief with this court in support of the circuit court's continued exercise of jurisdiction.

Mauldin was to fly the aircraft from Little Rock to pick up passengers in Monroe, Louisiana, whom he would then fly to Beaumont, Texas. On the return flight from Beaumont to Monroe the plane crashed, resulting in the deaths of Mauldin and all three passengers.

On January 22, 2014, the Estate filed a wrongful-death complaint against CFS and Freeney, alleging that Freeney compelled Mauldin to pilot the aircraft despite the fact that Mauldin did not possess the proper certification to pilot that particular aircraft. The Estate alleged counts of intentional conduct, respondeat superior, wrongful death, and survival. It sought both compensatory and punitive damages. CFS and Freeney each filed answers and, in addition to denying each of the allegations in the complaint, alleged that the circuit court did not have jurisdiction over the complaint because the Estate's exclusive remedy was provided by the Arkansas Workers' Compensation Act ("the Act").

Thereafter, on April 23, 2014, the Estate filed an "Amended and Substituted Complaint" against CFS and Freeney, and added certain State defendants in relation to claims asserting that the entire workers' compensation scheme is unconstitutional.[2] Therein, the Estate alleged that the Act was not the exclusive remedy because of the alleged intentional acts pled in the complaint. But, the Estate further pled that in the event the circuit court found no intentional act, then the entire Workers' Compensation Act is unconstitutional, as it violates separation of powers and due process under the United States and Arkansas Constitutions. The Estate alleged that the Act was both facially unconstitutional and as

---

[2]The State defendants were subsequently dismissed from this action.

applied to the facts of this case. In addition to adding the constitutional challenge, the Estate added a claim for negligence, asserting that CFS and Freeney knew or should have known that Mauldin did not have the required number of FAA hours to pilot the aircraft and that by requiring him to pilot it, it was likely to cause harm to Mauldin. CFS and Freeney each filed answers denying the allegations of the complaint but further asserting that the Estate's exclusive remedy is provided by the Act.

On August 7, 2014, CFS and Freeney filed a motion, pursuant to Arkansas Rule of Civil Procedure 12(b)(1) and (6), to dismiss the Estate's complaint because of a lack of subject–matter jurisdiction. CFS and Freeney argued that because the Estate failed to plead that CFS and Freeney acted with an intent to injure Mauldin, they were entitled to immunity from tort liability for the Estate's claims against them and that the Commission had exclusive, original jurisdiction to determine the issues of whether a person or entity enjoys immunity as an employer under the Act.[3]

The circuit court entered an order on September 26, 2014, denying CFS's and Freeney's motion to dismiss. CFS and Freeney then filed the instant petition for writ of prohibition, asserting that the circuit court was wholly without jurisdiction to determine the applicability of the Act or to determine its constitutionality. This court ordered briefing, and we now consider the merits of the petition.

---

[3]The Estate filed two additional amendments to the complaint. In the first one, it pled additional facts in support of its claim that the Act was unconstitutional. In the second one, the Estate clarified that it was seeking punitive damages only from CFS and Freeney.

SLIP OPINION

This court recently addressed the propriety of a writ of prohibition in *Entergy Arkansas, Inc. v. Pope County Circuit Court*, 2014 Ark. 506, at 5–6, ___ S.W.3d ___, ___, and explained as follows:

> It is well settled that a writ of prohibition is an extraordinary writ that is appropriate only when the lower court is wholly without jurisdiction. *Jordan v. Cir. Ct. of Lee Cnty.*, 366 Ark. 326, 235 S.W.3d 487 (2006). Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Ulmer v. Cir. Ct. of Polk Cnty.*, 366 Ark. 212, 234 S.W.3d 290 (2006). Writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance. *Id.* Simply stated, writs of prohibition should issue only in cases of extreme necessity. *Helena-W. Helena Sch. Dist. #2 of Phillips Cnty. v. Cir. Ct. of Phillips Cnty.*, 368 Ark. 549, 247 S.W.3d 823 (2007).

The sole question before us is whether the circuit court is wholly without jurisdiction over the Estate's complaint. In support of their petition for the writ of prohibition, CFS and Freeney argue that the circuit court lacks jurisdiction because they are immune from suit in tort under the exclusive-remedy provision of the Act, which provides that jurisdiction lies exclusively with the Commission. Moreover, CFS and Freeney assert that the Estate's challenge to the constitutionality of the Act does not change the fact that the exclusive-remedy provision controls because in order for the Estate to demonstrate that it has standing to challenge the Act, it must show that the Act applies to the Estate's claim, which is a determination that only the Commission can make.

The Estate replies and argues that the circuit court is not prohibited from exercising jurisdiction over its complaint because prior case law involving a challenge to the constitutionality of the Act is distinguishable and does not expressly prohibit circuit courts from considering constitutional challenges to the Act. Moreover, the Estate argues that if the

SLIP OPINION

Commission is allowed to decide issues as to its own constitutionality there is, in effect, no adversarial process because one of the parties is the tribunal, or at least represents the tribunal's interest. Finally, the Estate argues that it is not necessary for the Commission to first determine whether the Act applies to its complaint in order for it to demonstrate that the Estate has standing to challenge the constitutionality of the Act.

Typically, an employer who carries workers' compensation insurance is immune from liability for damages in a tort action brought by an injured employee. *Entergy Ark.*, 2014 Ark. 506, ___ S.W.3d ___. This rule, known as the exclusivity doctrine, arises from Arkansas Code Annotated section 11-9-105(a) (Repl. 2012), which provides that

> [t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

In relation to the exclusive-remedy provision, this court has repeatedly recognized that the Commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort. *VanWagoner v. Beverly Enters.*, 334 Ark. 12, 970 S.W.2d 810 (1998). Therefore, when a party to a lawsuit raises a question of whether a person enjoys

SLIP OPINION

immunity as an employer under the Act, the Commission must first decide the issue. *Id.*; *see also Entergy Ark.*, 2014 Ark. 506, ___ S.W.3d ___; *Reynolds Metal Co. v. Cir. Ct. of Clark Cnty.*, 2013 Ark. 287, 428 S.W.3d 506.

In the present action, the Estate included in its amended complaint allegations that CFS and Freeney "intentionally committed the act of assigning" Mauldin to pilot the aircraft and that this "intentional conduct" caused Mauldin's injuries that resulted in his death. But, in their motion to dismiss, CFS and Freeney asserted that the Estate failed to allege facts establishing that either of them had acted with the intent to injure Mauldin and, thus, failed to state facts upon which relief could be granted. CFS and Freeney raise that same argument in support of the instant petition. In asserting that the Estate's exclusive remedy is with the Act, CFS and Freeney state that because the Estate failed to plead that they had acted with the intent to injure Mauldin, they are entitled to immunity from tort liability for the Estate's claims against them.

The Estate, however, does not address or otherwise challenge this assertion. Instead, the only issue raised by the Estate in response to this petition is that jurisdiction is proper in the circuit court solely on the basis of the Estate's challenge to the constitutionality of the Act. Because the Estate does not dispute the fact that its claim for Mauldin's death falls within the exclusivity provision of the Act, this court need only decide whether the constitutional challenge raised by the Estate somehow confers the circuit court with jurisdiction over a matter that would otherwise be within the exclusive province of the Commission.

This court has often held that even though the Commission does not have the authority to declare a statute unconstitutional, such constitutional issues should first be raised at the administrative law judge ("ALJ") or Commission level. *Miller v. Enders*, 2010 Ark. 92; *Carter v. Georgia-Pac. Resins, Inc.*, 368 Ark. 19, 242 S.W.3d 616 (2006); *Moses v. Hanna's Candle Co.*, 366 Ark. 233, 234 S.W.3d 872 (2006); *Ark. Health Servs. Agency v. Desiderata, Inc.*, 331 Ark. 144, 958 S.W.2d 7 (1998). Although the Estate acknowledges this line of cases, it asserts that those prior holdings do not expressly prohibit a circuit court from considering constitutional challenges to the Act. In so arguing, the Estate focuses on this court's reasoning in requiring constitutional issues to be raised at the ALJ or Commission level, namely, that such issues often require an exhaustive analysis that is best accomplished by an adversary proceeding, which can be done only at the hearing level. The Estate takes the position that the administrative body is not better situated to decide a constitutional issue and that an adversarial process such as this one is best developed in the circuit court.

The problem with the Estate's position is twofold. First, the Estate's argument isolates the constitutional question and does not take into consideration that the tort claim, the genesis for its entire complaint, is one that falls within the exclusive province of the Commission. The Estate does not even challenge that the administrative body is best equipped for handling the claim stemming from Mauldin's death.[4] And, second, as CFS and Freeney point out, in

---

[4]In its "Conclusion" of the brief filed with this court, the Estate alternatively suggests that this court could sever the constitutional challenges and allow those to be heard and determined first by the circuit court. It cites no authority for such a proposition.

order to challenge the constitutionality of the Act, the Estate must demonstrate that the Act applies to it. *See Ark. Tobacco Control Bd. v. Sitton*, 357 Ark. 357, 166 S.W.3d 550 (2004) (holding that a litigant has standing to challenge the constitutionality of a statute if the law is unconstitutional as applied to that particular litigant). This court has held that the Commission has exclusive, original jurisdiction to determine the applicability of the Act. *E.g.*, *Miller*, 2010 Ark. 92.

Before leaving this point, we note that the Estate argues that CFS and Freeney did not raise their standing argument in their motion to dismiss. Moreover, the Estate argues that if the Commission has exclusive jurisdiction to determine if the Act is applicable in a constitutional challenge, it "would effectively *never* allow a fair constitutional challenge to the Act." Neither of these contentions has merit. CFS and Freeney have consistently maintained that the Commission has exclusive, original jurisdiction of the Estate's complaint. The fact that the motion to dismiss does not separately discuss standing as its relates to the constitutional claim does not preclude our consideration of the argument as raised in the instant petition. As to the Estate's repeated claims that there can be no fair adversarial development or consideration of the constitutional claim if it must be first raised to the Commission, we first note that such claims are wholly unsupported by any citation to supporting facts or authority. These claims are mere suppositions and provide no basis for this court to depart from our established principle that constitutional questions must be raised before the administrative body.

It is readily apparent that the Estate amended its complaint to raise a constitutional claim in an effort to avoid the exclusive jurisdiction of the Commission. This point is underscored by the amended complaint itself, which states in relevant part that

> should this Court determine that there is no intentional act in this case which would trigger the exclusion from the exclusivity of the Workers' Compensation Law in this case, Plaintiff contends that the entire Workers' Compensation Law as set forth at Ark. Code Ann. § 11-9-101, et. seq., is unconstitutional.

So, in essence, the Estate challenges the constitutionality of the Act only to the extent that there is no intentional tort that would take this action out of the exclusive province of the Commission. This court will not condone such a blatant attempt at, what is in essence, forum shopping.

In sum, as we explained in *Entergy Ark.*, 2014 Ark. 506, ___ S.W.3d ___, where encroachment on the jurisdiction of the Commission is clear, a writ of prohibition is clearly warranted. Just as it was in that case, it is clear in the instant case that there is an encroachment on the Commission's jurisdiction; thus, we grant the petition for writ of prohibition.

Petition granted.

*Wright, Lindsey & Jennings, LLP*, by: *Kyle R. Wilson*, *Gary D. Marts*, *Baxter D. Drennon*, and *Michael A. Thompson*, for petitioners.

*David A. Hodges*, for the Estate of Mason Mauldin.