SLIP OPINION

Cite as 2017 Ark. 94

# SUPREME COURT OF ARKANSAS

No. CV–16–233

| | |
|---|---|
| TRUMAN ARNOLD COMPANIES PETITIONER | **Opinion Delivered:** March 16, 2017 |
| V. | PETITION FOR WRIT OF PROHIBITION FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CV-15-13-2] |
| MILLER COUNTY CIRCUIT COURT RESPONDENT | HONORABLE CARLTON D. JONES, JUDGE |
| | PETITION GRANTED. |

**RHONDA K. WOOD, Associate Justice**

Petitioner Truman Arnold Companies ("TAC") seeks a writ of prohibition following the entry of an order by the Miller County Circuit Court denying its motion to dismiss the complaint of its former employee, Teresa Jones. TAC argues that the Workers' Compensation Commission has exclusive jurisdiction to make factual inquiries regarding jurisdiction, which leaves the circuit court without jurisdiction, at this stage, over Jones's claims against TAC for negligent supervision, retention, and hiring of a store manager who Jones alleges sexually harassed her. We grant the petition for writ of prohibition.

Jones alleges she was sexually assaulted by John Kelly, a store manager, in a carwash of a TAC convenience store where she and Kelly worked. She initially brought suit against TAC and Kelly in the Miller County Circuit Court alleging outrage, battery, and defamation. However, she nonsuited that case and filed a separate action in federal district court for federal and state sexual harassment and retaliation, outrage, battery, negligent

supervision and retention, and defamation. Jones later nonsuited her claims against Kelly. TAC filed a motion for summary judgment against all of Jones's claims. Jones abandoned her claims against TAC for outrage, battery, and defamation, and the federal district court entered summary judgment in favor of TAC on the remaining federal and state law sexual-harassment and retaliation claims. The federal court declined to continue exercising jurisdiction over the remaining state negligent-supervision and retention claims and dismissed them without prejudice.

Jones then filed the present action in the Miller County Circuit Court, alleging that TAC was negligent in its supervision, retention, and hiring of Kelly. TAC filed a motion to dismiss the complaint in reliance on the exclusive remedy afforded by Arkansas Code Annotated section 11-9-105 (Repl. 2012) of the Workers' Compensation Act. Jones replied that the Workers' Compensation Act does not provide coverage for intentional torts that do not arise out of the employment. After a hearing, the circuit court denied TAC's motion to dismiss. The circuit court ruled that the Act does not provide coverage for Jones's claims because her alleged injuries amounted to "mental injury or illness," which is not compensable under workers' compensation pursuant to Arkansas Code Annotated § 11-9-113(a)(1) and because her complaint did not contain sufficient allegations identifying whether a "crime of violence" had occurred under the exception to the physical-injury limitation within § 11-9-113(a)(1). Thereafter, TAC filed a petition for writ of prohibition in this court. We took the petition as a case and ordered the parties to brief the issues.

A writ of prohibition is extraordinary relief that is appropriate only when the lower court acts wholly without jurisdiction. *Reynolds Metal Co. v. Cir. Ct. of Clark Cnty.*, 2013

Ark. 287, 428 S.W.3d 506. The writ's purpose is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Id*. Writs of prohibition are prerogative in nature and extremely narrow in scope and operation. *Int'l Paper Co. v. Clark Cnty. Cir. Ct.*, 375 Ark. 127, 289 S.W.3d 103 (2008). They are used with great caution and forbearance and only in cases of extreme necessity. *Id*. We have granted writs of prohibition when a circuit court wrongfully exercises jurisdiction over a matter that is within the province of the Workers' Compensation Commission to decide. *See, e.g.*, *Central Flying Serv., Inc. v. Pulaski Cnty. Cir. Ct.*, 2015 Ark. 49, 454 S.W.3d 716; *Entergy Ark., Inc. v. Pope Cnty. Cir. Ct.*, 2014 Ark. 506, 452 S.W.3d 81; *Entergy Ark., Inc. v. Pope Cnty. Cir. Ct.*, 2014 Ark. 508, 454 S.W.3d 197; *Wenco Franchise Mgmt., Inc. v. Chamness*, 341 Ark. 86, 13 S.W.3d 903 (2000).

An employer who has secured for its employees the benefits of workers' compensation is immune from liability for damages in a tort action brought by an injured employee. *Entergy Ark., Inc.*, 2014 Ark. 506, at 6, 452 S.W.3d at 84. This rule, known as the exclusivity doctrine, arises from Ark. Code Ann. § 11-9-105, which provides that "[t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, [or] next of kin." Essentially, if an employee is granted a right or remedy under the Workers' Compensation Act, the employee is limited to the relief provided under the Act.

This court settled the question of who decides whether an employee has a right or remedy under the Act in *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 16, 970 S.W.2d

810, 812 (1998). Prior to *VanWagoner*, this court had held that the Workers' Compensation Commission and the circuit courts had concurrent jurisdiction to determine whether the Workers' Compensation Act was applicable in a given case. *See, e.g.*, *Craig v. Traylor*, 323 Ark. 363, 915 S.W.2d 257 (1996). In *VanWagoner*, we recognized the perils of this approach. We explained that the Commission has vast expertise in this area and that the goals of uniformity, speed, and simplicity would best be achieved by granting the Commission exclusive, original jurisdiction to determine the applicability of the Workers' Compensation Act. *VanWagoner*, 334 Ark. at 15, 970 S.W.2d at 812. Therefore, we held that the Arkansas Workers' Compensation Commission "has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort." *Id.* Since *VanWagoner*, this court has consistently held that if there are questions of fact about whether the Act provides a right or remedy, those questions of fact are solely within the jurisdiction of the Commission to decide; therefore, a writ of prohibition is warranted when a circuit court encroaches on the jurisdiction of the Workers' Compensation Commission. *See Entergy*, 2014 Ark. 506, at 7, 452 S.W.3d at 85.

TAC argues that because there are questions of fact regarding the Act's applicability, *VanWagoner* requires that the Commission, not the circuit court, have the exclusive "jurisdiction to determine jurisdiction." We agree. First, Jones's complaint alleges claims of negligence, not intentional tort. In her complaint, Jones alleged that TAC negligently hired, supervised, and retained Kelly and that it should have known that Kelly's conduct would subject third parties to an unreasonable risk of harm. Our caselaw is clear that claims

of an employer's negligence, which result in physical injury, are covered exclusively by the Workers' Compensation Act and fall within the exclusive jurisdiction of the Commission. *See Int'l Paper Co*, 375 Ark. 127, 289 S.W.3d 103. Furthermore, whether it can be said that the particular incidents alleged by Jones have "arisen out of" the employment relationship is a factual inquiry. *Phillips v. Ark. State Hwy. and Transp. Dep't*, 52 Ark. App. 170, 172, 916 S.W.2d 128, 130 (1996) ("Whether sexual harassment is a risk to which an employee is exposed because of the nature of the work environment is a fact that should be decided on a case-by-case basis."). We have repeatedly said that factual questions or mixed questions of fact and law, such as these, lie exclusively with the Commission because they are not so one-sided that the issue can be determined as a matter of law. *See Entergy Ark., Inc.*, 2014 Ark. 506, at 7–8, 452 S.W.3d at 85; *Reynolds Metal Co.*, 2013 Ark. 287, at 5, 428 S.W.3d at 509; *Int'l Paper Co.*, 375 Ark. at 131, 289 S.W.3d at 106–07. Because Jones's claims sound in negligence, they are insufficient to satisfy the intentional-tort exception to the Act's exclusive-remedy provision. *See Saine v. Comcast Cablevision of Ark., Inc.*, 354 Ark. 492, 126 S.W.3d 399 (2003). As to whether the Workers' Compensation Act is intended to apply to negligence resulting in a sexual assault such as Jones alleges, this jurisdictional question must initially be determined by the Commission.

In addition, the causal relationship between the physical and mental injuries raises numerous factual questions. Arkansas Code Annotated section 11-9-113(a)(1) limits the scope of compensable mental injuries to those "caused by a physical injury" to the body except in cases where the injured person is a "victim of a crime of violence." Thus, a court could apply Arkansas Code Annotated section 11-9-113(a), and find the action does not fall

within the Act as a matter of law. However, in this case, the circuit court weighed Jones's factual allegations before concluding that this action did not fall within a right or remedy of the Act, rather than determining that the mental-injury exception applied as a matter of law. It stated that "[i]n Mrs. Jones' Complaint, she also alleges 'personal injuries and mental suffering,' . . . The Court finds that these alleged injuries arise from more a mental anguish type of injury than from a physical impact injury." Thus, the circuit court evaluated questions of fact to determine jurisdiction, and we have said that role is within the exclusive province of the Workers' Compensation Commission.

Moreover, while addressing whether Jones's mental injuries were a result of a crime of violence, the circuit court stated that this exception might be applicable "depending upon the facts and circumstances as they arose in the claims." It further stated that although it could not determine at that time whether there had been a crime of violence that "this does not mean, however, that upon further discovery and development of the case" that it may apply. Accordingly, given the facts as alleged in the complaint, the circuit court reserved its power and continued to exercise jurisdiction to make additional factual determinations regarding whether the action was covered under the Act. Factual inquiries into whether the Act applies are within the exclusive jurisdiction of the Commission.[1]

"The issue is one of 'jurisdiction to determine jurisdiction,' as distinguished from 'jurisdiction to hear the merits of the case.'" *Int'l Paper Co.*, 375 Ark. at 130–31, 289 S.W.3d

---

[1] TAC contends that sexual assault is a crime of violence as a matter of law. This may be correct. However, because we conclude that a factual inquiry exists regarding whether Jones's alleged mental injuries are derived from any physical injuries and whether a crime of violence may have occurred, we do not need to decide whether sexual assault is a crime of violence as a matter of law.

SLIP OPINION

at 106 (citing *Nucor Corp. v. Rhine*, 366 Ark. 550, 555, 237 S.W.3d 52, 57 (2006)). Because the facts as presented in the complaint cannot be determined to fall outside the Act as a matter of law, the issue of jurisdiction resides exclusively with the Workers' Compensation Commission. Therefore, the circuit court acted without jurisdiction.

Accordingly, we conclude that the Workers' Compensation Commission has exclusive jurisdiction to determine the applicability of the Act to the matters alleged in the complaint, and the circuit court is therefore wholly without jurisdiction.

Petition granted.

*Wyly~Rommel, PLLC*, by: *Sean F. Rommel*, for petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Michael A. Cantrell*, Ass't Att'y Gen., for respondent.