Cite as 2021 Ark. 33

# SUPREME COURT OF ARKANSAS
No. CV-20-315

| | |
|---|---|
| ESTERLINE TECHNOLOGIES CORPORATION; ARMTEC COUNTERMEASURES CO.; AND CHARLES KING | **Opinion Delivered:** February 18, 2021 |
| PETITIONERS | PETITION FOR WRIT OF PROHIBITION OR, IN THE ALTERNATIVE, FOR CERTIORARI, AND FOR TEMPORARY RELIEF |
| V. | |
| | FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52CV-19-45] |
| AARON BROWNLEE AND MARY BROWNLEE | |
| RESPONDENTS | HONORABLE DAVID F. GUTHRIE, JUDGE |
| | PETITION FOR WRIT OF PROHIBITION GRANTED. |

**RHONDA K. WOOD, Associate Justice**

The Workers' Compensation Act places exclusive jurisdiction for employees' claims against their covered employers for workplace injuries in one body—the Workers' Compensation Commission. A circuit court has no power to grant other remedies, like a declaratory judgment, for claims that otherwise fall under the Commission's primary jurisdiction. Here, an injured worker filed a petition for declaratory judgment against his employer, its corporate parent, and a fellow employee. The circuit court lacked jurisdiction to hear this petition. We therefore grant the petition for a writ of prohibition.

## I. *Factual Background*

The facts underlying this lawsuit stem from a workplace explosion in December 2018. Aaron Brownlee was injured in the explosion at a facility owned by Armtec Countermeasures Company, a subsidiary of Esterline Technologies Corporation. Charles King worked for Armtec too. Brownlee undisputedly receives workers'-compensation benefits because of his injuries. Even so, Brownlee[1] sued Armtec, Esterline, and King ("Petitioners") in a petition for declaratory judgment filed in circuit court.

Brownlee contended the petition was necessary to establish the legal relations between the parties so Brownlee could determine those he could sue in tort. For example, Brownlee contended Esterline may not be his employer and could be subject to suit. Brownlee also argued that he needed additional discovery to establish Esterline's legal relationship and potential liability. Brownlee asked the circuit court in his petition to "enter a declaratory judgment that [he was] entitled to have a declaration of the duties of respondents and all other[s] . . . involved in the work being done at the time of the explosion." Brownlee also maintained declaratory judgment was proper so the court could construe certain contracts. But Brownlee never identified any relevant contracts.

The Petitioners filed a joint answer and motion to dismiss asking the court to dismiss the petition because declaratory judgment would be improper under the facts. The Petitioners maintained the Workers' Compensation Commission held exclusive jurisdiction for any claims Brownlee had against his employers and to determine the employee-employer

---

[1]Brownlee's wife joined the petition, but we refer to them singularly throughout this opinion.

relationship. The circuit court denied the motion to dismiss in June 2019 and ordered that discovery proceed.

Following substantial discovery, Petitioners filed another motion to dismiss in November 2019. Petitioners noted they had provided Brownlee with extensive discovery, including information about witnesses, 3,812 pages of nonprivileged documents, the manufacturer of the machine at issue, and other relevant facts. Thus, Petitioners maintained, Brownlee had obtained the requested relief of preservation of evidence and documentation into causes of the accident. Petitioners also argued no justiciable controversy existed, once again contending that Brownlee's exclusive remedy rested with the Commission and that he was receiving long-term disability benefits. The circuit court denied the second motion to dismiss in January 2020. Petitioners filed a petition for writ of prohibition with this court in May 2020.

## II. *Law and Analysis*

A writ of prohibition is appropriate when the circuit court wholly lacks jurisdiction and petitioner has no other remedy, like an appeal. *See DeSoto Gathering Co. v. Ramsey*, 2016 Ark. 22, at 4, 480 S.W.3d 144, 147. When determining whether the writ should be granted, we limit our review to the pleadings. *Id*. We have granted the writ in many cases when a circuit court exercised jurisdiction over a worker-injury complaint when primary jurisdiction rested exclusively with the Workers' Compensation Commission. *See, e.g.*, *Truman Arnold Cos. v. Miller Cty. Cir. Ct.*, 2017 Ark. 94, 513 S.W.3d 838; *Cent. Flying Serv., Inc. v. Pulaski Cty. Cir. Ct.*, 2015 Ark. 49, 454 S.W.3d 716; *Entergy Ark., Inc. v. Pope Cty. Cir. Ct.*, 2014 Ark. 506, 452 S.W.3d 81; *Reynolds Metal Co. v. Clark Cty. Cir. Ct.*,

3

2013 Ark. 287, 428 S.W.3d 506; *Int'l Paper Co. v. Clark Cty. Cir. Ct.*, 375 Ark. 127, 289 S.W.3d 103 (2008); *Erin, Inc. v. White Cty. Cir. Ct.*, 369 Ark. 265, 253 S.W.3d 444 (2007). "[W]here the encroachment on Workers' Compensation jurisdiction is clear, we have not hesitated to hold writs of prohibition are clearly warranted." *W. Waste Indus. v. Purifoy*, 326 Ark. 256, 258, 930 S.W.2d 348, 349 (1996).

An injured employee's exclusive remedy against an employer for an injury arising out of and in the course of employment is a compensation claim under the Act. *VanWagoner v. Beverly Enters.*, 334 Ark. 12, 16, 970 S.W.2d 810, 812 (1998); *Truman Arnold*, 2017 Ark. 94, at 3, 513 S.W.3d at 840 ("Essentially, if an employee is granted a right or remedy under the Workers' Compensation Act, the employee is limited to the relief provided under the Act."). This principle, the exclusivity doctrine, derives from statute: "[t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, *shall be exclusive of all other rights and remedies* of the employee." Ark. Code Ann. § 11-9-105(a) (Repl. 2012) (emphasis added). The employer's immunity from non-Act claims extends to the employer's corporate parents. *See Myers v. Yamato Kogyo Co.*, 2020 Ark. 135, at 10, 597 S.W.3d 613, 619. And jurisdiction to determine whether an employee's injuries are covered by the Act rests with the Commission. *VanWagoner*, 334 Ark. at 12, 970 S.W.2d at 812. The Commission's "vast expertise in this area" promotes "uniformity, speed, and simplicity" in application of the Workers' Compensation Act. *Reynolds Metal*, 2013 Ark. 287, at 4, 428 S.W.3d at 509.

In resisting the petition for writ of prohibition, Brownlee insists his request for declaratory judgment falls outside the exclusivity doctrine because he is not seeking

monetary damages or compensation from Petitioners. Brownlee highlights that his request asks only for a declaration of Petitioners' duties under certain (unidentified) contracts; a declaration of legal relations; and discovery. These requests, Brownlee asserts, fall under the circuit court's jurisdiction per the Declaratory Judgments Act. *See* Ark. Code Ann. §§ 16-111-101 to -117 (Repl. 2016).

The declaratory-judgment statute confers "[c]ourts of record within their respective jurisdictions . . . [the] power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Ark. Code Ann. § 16-111-101. A declaration rendered "shall have the force and effect of a final judgment or decree." *Id.* A declaratory judgment is therefore a "remedy." *E.g.*, *Jones v. Clark*, 278 Ark. 119, 122, 644 S.W.2d 257, 259 (1983); Dan B. Dobbs & Caprice L. Roberts, *Law of Remedies: Damages–Equity–Restitution* § 2.1(2), at 51 (3d ed. 2018) ("The declaratory judgment is now an established *remedy* by federal and state statutes.") (emphasis added). If a declaratory judgment is valid and final, it is conclusive to the matters declared and to all persons bound by the judgment. *See* Restatement (Second) of Judgments § 33 (1982).

Brownlee's remedies against his employer are those outlined in the Workers' Compensation Act. The Declaratory Judgments Act—which outlines a remedy—does not afford Brownlee an avenue to avoid the Commission's primary jurisdiction. The Commission decides whether Petitioners owed a duty to Brownlee for his workplace injury. The Commission also has jurisdiction to decide whether an employer-employee relationship existed between Esterline and Brownlee. *See Honeysuckle v. Curtis H. Stout, Inc.*, 2010 Ark. 328, at 7, 368 S.W.3d 64, 69 (noting the Commission retained sole jurisdiction to determine

5

this fact-based question). Likewise, the Commission determines whether employer immunity under the Act extended to Charles King, Armtec's supervisor of health and safety. And Brownlee did not identify any contracts or other documents that might create a separate basis for the circuit court's jurisdiction.

Last, Brownlee argues Petitioners are judicially estopped from arguing the circuit court lacked jurisdiction because Petitioners either waited too long to file the writ or consented to jurisdiction. Judicial estoppel applies when, among other things, a party takes "a position clearly inconsistent with a position taken in an earlier case or . . . the same case." *Dupwe v. Wallace*, 355 Ark. 521, 533, 140 S.W.3d 464, 472 (2004). Here Petitioners consistently maintained throughout the case that the Commission had exclusive jurisdiction. Petitioners objected to the circuit court's jurisdiction from the start and, if anything, demonstrated patience when the circuit court continued to ignore settled law. Judicial estoppel does not bar Petitioners' entitlement to the writ.

Petition for writ of prohibition granted.

WYNNE, J., concurs.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Stuart P. Miller, Megan D. Hargraves*, and *John E. Alexander*, for petitioners.

*McMath Woods P.A.*, by: *Neil Chamberlain* and *Will Bond*; and *Joseph Hickey*, for respondents.