Johnson C. J. The certificate of entry was improperly admitted in evidence. It did not prove, nor did it conduce, in the slightest degree, to prove the issue made between the parties. It showed an entry of another and totally different tract of land from the one claimed in the declaration, and consequently did not correspond with the allegation. It will be conceded that the copy of the entry, in case it had been otherwise admissible, would have been evidence to the same extent as the original books, if they had been actually produced. (See 6 sec. of chap. 66 of the Digest) The paper purporting to be a sheriff’s deed was also improperly admitted. It was offered and permitted to be read to the jury, without the production of either the judgment or execution under which the sheriff is supposed to have acted in making the sale. This was clearly error. The High Court of Errors and Appeals of the State of Mississippi, in the case of Doe ex. dem. Starke vs. Gilbert & Morris, (4 Howard Rep. 271,) held it to be the settled law that a claimant under a sheriff’s sale must produce the judgment and the execution. It was also held by the Supreme Court of New York, in the case of Wilson & Gibbs vs. Conine, 2 John. Rep. 281, that “The execution was also properly rejected as being no justification to the vendee in a sale under it without producing the judgment or decree warranting it.” (See also 8 Co. 97. 1 Blacks. Reps. 69. Britton vs. Cole, Salk. 408.) The deed was also subject to the same objection as the certificate of entry in failing to correspond with the allegation in the declaration. It appears from the bill of exceptions that the plaintiff in the court below moved the court, at the trial, to permit the clerk to append his certificate to the deed, by which it is shown that the sheriff appeared in open court on the 5th of May, 1846 and acknowledged the deed, and that it was on the same day deposited for record and actually recorded. It likewise appears that the plaintiff was permitted to read the record as proof of the deed, and further to prove its execution and acknowledgment by one of the subscribing witnesses. The facts of the execution and acknowledgment seem to have transpired on the 5th of May, 1846, and more than a year before the trial, and all that was accomplished by the certificate was merely to exhibit the. appropriate evidence of those facts. True it is that it might have subjected the defendants to some delay in the trial by suspending it until the clerk could furnish the certificates, yet this was a matter peculiarly and exclusively within the discretion of the Circuit Court, and inasmuch as the proper evidenee of its execution and acknowledgment was supplied before the deed was actually read, the defendants have no just cause of complaint. The propriety of permitting the execution and acknowledg ment of the deed to be established by one of the subscribing witnesses will necessarily depend upon the construction which shall be given to the statute. The 62d Sec. of Chap. 67 of the Digest declares that “Every officer executing any deed for land, tenements and hereditaments, sold under execution, shall acknowledge the same before the Circuit Court of the county in which the estate is situate; but if he die or leave the State, resign or be removed from office before making such acknowledgment, such deed may be proved before such court as other deeds.” The 63d and 64th sections of the same act further declare that “The clerk of such court shall endorse upon such deed a certificate of the acknowledgment, or 'proof under the seal of the court, and shall make an entry in the minutes of such court of such acknowledgment with the names of the parties to the suit, and a description of the property thereby conveyed,” and that “Every deed so executed, acknowledged or proved shall be recorded as other conveyances of land, and thereafter such deed, or a copy thereof, or of the record certified by the recorder, shall be received in any court in this State without further proof of the execution thereof.” Though the language used in this act is imperative upon the officer, yet, as it was designed for the benefit of the purchaser, he is not bound to avail himself of its kind and salutary provisions; but, in a contest with the judgment’debtor, or others who have actual notice of the existence of the deed, he is entitled to use it as evidence of his title, or of his right of possession upon proof of its execution and delivery. The act, in requiring the officer to acknowledge the deed before the circuit court of the county, did not intend to make the deed to depend upon such acknowledgment for its validity, but simply designed to confer it as a privilege upon the purchaser, in order that it might be placed in such a condition as to operate as constructive notice to the world of his title, and also save him from the loss that he might otherwise sustain by the death of his witnesses, or the loss of other testimony which might be necessary to' establish the existence and delivery of the deed. When the deed is acknowledged or proven and recorded, in accordance with the statute, it is ever after sufficient evidence of itself, and supersedes the necessity of any other proof of those essential facts. There would have been no error, therefore, in permitting the subscribing witness to prove the execution and acknowledgment of the deed, or in permitting it to be read to the jury had the official character of the sheriff also have been proven. The plaintiff having elected to introduce his deed without its being acknowledged or proven and recorded as authorized by the statute, the official character of the sheriff was not prima facie shown, but required proof aliunde. The defendants, after the plaintiff had closed the evidence on his part, presented the record of the judgment upon which the execution was issued and under which the sale was made, and proposed to show that it was void, and that consequently it could confer no title upon the plaintiff. This the court refused, and assigned, as a reason, that no evidence could be received to question the validity of the judgment. This point has already been virtually decided and against the notion of the circuit court. The High Court of Errors and Appeals of Mississippi, in the case already referred to, further said that “ a judgment necessarily imports verity. It is conclusive in its character, and admits of no question. An execution has none of these attributes: it is merely the authority or warrant for enforcing the judgment. Its force depends upon the existence of a judgment. Without a judgment to support it, it is void.” If the purchaser under a sheriff’s sale is required to produce the judgment and execution before^e can be permitted to read the deed, and that he is cannot be denied, it is then manifest that, if the judgment itself is void, he cannot be allowed’ to read his deed acquired under it. It is clear from this view of the case that the circuit court .erred in giving the judgment which it did, and that consequently the same ought to be remanded. Judgment reversed and cause re ■ manded.