Cite as 2020 Ark. App. 56

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-18-630

| | |
|---|---|
| INDUSTRIAL IRON WORKS, INC., AND INDUSTRIAL IRON WORKS CONSTRUCTION, INC., D/B/A ADAMS FERTILIZER EQUIPMENT  APPELLANTS<br><br>V.<br><br>LARRY HODGE, CONNIE HODGE, JOHN DOES 1–10, AND SENTRY INSURANCE  APPELLEES | **Opinion Delivered:** January 29, 2020<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, OSCEOLA DISTRICT [NO. 47OCV-17-54]<br><br>HONORABLE TONYA M. ALEXANDER, JUDGE<br><br>AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellants Industrial Iron Works, Inc., and Industrial Iron Works Construction, Inc., d/b/a Adams Fertilizer Equipment (collectively "IIW") bring this interlocutory appeal from an order of the Mississippi County Circuit Court raising the issue of whether the Uniform Contribution Among Tortfeasors Act, as amended by Act 1116 of 2013, codified at Arkansas Code Annotated sections 16-61-201 et seq. (Supp. 2017) (UCATA), allows for the apportionment of fault to a nonparty who is immune from liability, such as an employer. We conclude it does not.

In 2014, appellee Larry Hodge sustained an on-the-job injury while working for his employer, Greenpoint AG. At the time of his injury, Hodge was attempting to dislodge large clumps of fertilizer in a hopper/fertilizer blender when his leg came into contact with

the auger of the hopper resulting in a traumatic amputation of his lower leg and foot.  Hodge applied for and received workers' compensation benefits.

In April 2017, Hodge and his wife Connie filed a products-liability complaint against IIW, the manufacturer of the hopper, to recover for his injuries.  IIW timely filed an answer, specifically pleading all affirmative defenses available to it under the Civil Justice Reform Act of 2003, codified at Arkansas Code Annotated sections 16-55-201 et seq. (Repl. 2005) and the UCATA.  Specifically, IIW stated that it was seeking contribution, indemnity, and the allocation and apportionment of fault.

In November 2017 after conducting discovery, IIW amended its answer under Rules 9(h) and 15 of the Arkansas Rules of Civil Procedure to name Hodge's employer as a nonparty whose fault should be allocated consistent with the UCATA. The Hodges moved to strike IIW's amended answer, alleging that IIW's attempt to allocate fault in its amended answer was untimely and that Rules 9(h) and 49(c) do not allow for an assertion of nonparty fault with respect to an immune employer. IIW responded that its amended answer was timely because the attempt to allocate fault was included only after discovery revealed that the employer was partially at fault in the accident. It further asserted that Arkansas had abandoned joint and several liability and adopted the theory of several liability. Under this theory, its liability is limited to the amount of damages directly proportional to its percentage of fault; it is allowed to allocate fault to an immune nonparty; and to deny allocation of fault to the immune nonparty employer would be a denial of its substantive right to several liability.

The circuit court conducted a hearing on the motion to strike. At the hearing, in addition to the arguments previously described, the Hodges argued that the amendments to the Arkansas Rules of Civil Procedure at issue could not be retroactively applied to their claims, which had accrued prior to the effective date of the amendments. After reviewing the pleadings and hearing the arguments of counsel, the court granted the Hodges' motion to strike the amended answer, concluding that the exclusive-remedy provisions of the Arkansas Workers' Compensation Act precluded Hodge's employer, Greenpoint AG, from being made a party or referenced in the present action.[1] Because the court struck the answer on immunity grounds, it did not reach the timeliness or retroactivity issues. IIW now appeals, claiming that the circuit court erred in its interpretation of the Uniform Contribution Among Tortfeasors Act, as amended by Act 1116 of 2013.

We review issues of statutory interpretation de novo. *Boston Mountain Reg'l Solid Waste Mgmt. Dist. v. Benton Cty. Reg'l Solid Waste Mgmt. Dist.*, 2019 Ark. App. 488, at 6, 587 S.W.3d 292, 296. In our de novo review, we follow the basic rules of statutory construction: we construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and we give effect to the intent of the legislature; however, when the language of a statute is plain and unambiguous, the reviewing court determines legislative intent from the ordinary meaning of the language

---

[1]Although the court declined to include Greenpoint AG in the action, it allowed Sentry Insurance, Greenpoint's workers' compensation insurance carrier, to intervene as a matter of right in order to assert its claim of subrogation. The decision on intervention is not before us at this time.

used. *Bullock's Kentucky Fried Chicken, Inc. v. City of Bryant*, 2019 Ark. 249, at 5–6, 582 S.W.3d 8, 12–13.

Here, IIW contends that the circuit court erred in striking its amended answer which asserted nonparty fault against Hodge's employer, Greenpoint AG. IIW contends that it is seeking only to apportion fault—not liability—to Greenpoint AG and that by striking its answer, the circuit court deprived it of its substantive right to an allocation of nonparty fault. In part, IIW argues that its potential liability to Hodge is limited to the amount of damages directly proportionate to its percentage of fault, pursuant to the Civil Justice Reform Act.

The Civil Justice Reform Act states, "In any action for personal injury, medical injury, property damage, or wrongful death, the liability of each defendant for compensatory or punitive damages shall be several only and shall not be joint." Ark. Code Ann. § 16-55-201(a). As such, a defendant is liable "only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault," and a separate judgment is awarded against that defendant only for that amount. Ark. Code Ann. § 16-55-201(b). We conclude that the language of this statute is clear; it speaks in terms of the allocation of fault among the "defendants" to the action but is silent as to the allocation of nonparty fault.

Instead, the UCATA addresses the allocation of nonparty fault and provides for a right of contribution among "joint tortfeasors." Ark. Code Ann. § 16-61-202(a). In 2013, the General Assembly amended the UCATA so that it is no longer limited solely to money damages, but it also includes "the right to an allocation of fault as among all joint tortfeasors," including "joint tortfeasors" who have entered into a settlement with the injured party. Ark.

4

Code Ann. § 16-61-202(c), (d). The Hodges argue that because Greenpoint AG is an employer clothed with immunity from liability in tort under the exclusive-remedy provision of the workers' compensation statutes, it cannot have joint or several "liability" in tort and therefore does not meet the definition of "joint tortfeasor" in the UCATA. We agree.

We find the language of the UCATA clear and unambiguous. According to the UCATA, the right to contribution for the allocation of fault applies only to "joint tortfeasors," and joint tortfeasor is defined as "two (2) or more persons or entities who may have *joint liability or several liability in tort* for the same injury to person or property, whether or not judgment has been recovered against all or some of them." Ark. Code Ann. § 16-61-201(1) (emphasis added).

Generally, an employer who carries workers' compensation insurance is immune from liability for damages in a tort action brought by an injured employee.[2] *Entergy Ark., Inc. v. Pope Cty. Cir. Ct.*, 2014 Ark. 506, 452 S.W.3d 81; *Gourley v. Crossett Pub. Schs.*, 333

---

[2]This rule, known as the exclusivity doctrine, arises from Arkansas Code Annotated section 11-9-105(a) (Repl. 2012), which provides that

[t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Ark. 178, 968 S.W.2d 56 (1998). As such, an immune employer is not an entity that can have "joint or several liability in tort" and does not fit within the plain and unambiguous definition of a "joint tortfeasor" or fall within the confines of the allocation of nonparty fault under the UCATA.

In short, construing the UCATA just as it reads and giving its words their ordinary and usually accepted meaning in common language as we must do, we hold that the UCATA simply does not allow for the apportionment of fault to an immune nonparty employer. Because we conclude that IIW is not entitled to the allocation of fault to Hodge's employer, we need not address the issues regarding the timeliness of IIW's answer or the retroactivity of the amended rules.

Affirmed.

SWITZER, J., agrees.

ABRAMSON, J., concurs.

**RAYMOND R. ABRAMSON, Judge, concurring**. I agree with our decision in this case and believe that we have correctly interpreted the pertinent statutes based on our standard of review. However, I write this concurring opinion to illustrate the potential inconsistencies and unintended consequences of the interpretation.

The purpose of the Uniform Contribution Among Tortfeasors Act is to allow the finder of fact to apportion fault against the persons or entities who proximately caused the injuries or damage to the plaintiff. That is true whether the person or entity is a party or a nonparty. *See* Ark. R. Civ. P. 9(h). This is especially true after our legislature changed Arkansas law pertaining to multiparty liability from "joint and several" to "several." The

court correctly holds that the legislature apparently intended that employers who provide benefits under the Workers' Compensation Act and who are immune from tort liability are exempt from the Uniform Contribution Among Tortfeasors Act. In my opinion, this holding is inconsistent with the underlying theory of apportioning fault against the persons or entities who proximately caused the plaintiff's injuries. Unintended consequences therefore ensue.

The Uniform Contribution Among Tortfeasors Act is, of course, a uniform act; however, each state's legislature has the authority and flexibility to modify the Act to reflect that state's judicial or legal philosophies. Dan B. Dobbs et al., *The Law of Torts* § 495 (2d ed. 2011) provides some very pertinent insights:

> Issue and Strategy: In the apportionment process, courts must decide whether juries should apportion fault to persons who are not joined as parties, perhaps because they cannot be found or because they are insolvent. Courts must also determine whether fault should be apportioned to persons who are in some sense at fault but who are not liable because of a formally recognized immunity or otherwise.

This group of potential parties against whom fault may not be apportioned would include, but not be limited to, parties who cannot be located and served with process, parties who have settled and obtained a release (settling or released parties), and parties who enjoyed some type of immunity from tort (immunized parties.) Dobbs discusses the effect of the approach where juries can apportion fault only among actual parties to the litigation:

> Non-parties' fault compared: The disadvantage of the approach that only considers the negligence of parties, especially if it also prevents the jury from assessing the negligence of settling tortfeasors, is that it asks for a distorted picture of the fault fairly attributable to each person. By express statutory requirement, or by judicial construction in a number of states, the trier of fact is to compare all of the fault that is a proximate cause of the harm, whether it is the fault of parties or not. Statutes may also provide specially for considering and comparing the fault of settling tortfeasors. With the exception of the immunity issue, most courts in several liability

7

systems appear to consider the fault of any tortfeasor, whether or not joined as a party.

Dobbs, § 495.

Our present case involves the apportionment of fault against an immunized employer. Greenpoint AG was the employer of the plaintiff below and provided workers'-compensation benefits. As such, Greenpoint AG is exempt from tort liability. Arkansas Code Annotated section 16-61-201(1) provides that "a joint tortfeasor is defined as two or more persons or entities who may have joint liability or several *liability in tort* for the same injury." (Emphasis added.) In affirming, our court reasons that because Greenpoint AG is immune from tort liability, it cannot by definition be a joint tortfeasor. And since it is not a joint tortfeasor, fault cannot be apportioned against it. The logic is sound. The problem is that this application will likely prohibit the jury from assessing fault against the very person or entity who was a proximate cause of the injury. That is the underlying purpose of the Uniform Act.

Again, Dobbs discusses this phenomenon:

Employers. The issue most arises in the case law in terms of employers. Employers who provide workers' compensation benefits to employees are generally immune to tort liability, so they are not liable in tort even if they negligently injure an employee. The injured employee is still free to sue others, such as product manufacturers who contribute to his harm. The question is whether the fault of such a defendant should be judged in comparison with the fault of the employer or whether the fault of the employer should be ignored. The fault of the product manufacturer or other defendant may be relatively small in comparison to that of the employer, but relatively large (or total) if the employer's negligence cannot be considered. Where liability is several only, this issue can be critical. The Uniform Act treats the employer who pays workers' compensation and is immune under workers' compensation laws as a released person, counting the employer's responsibility in the total, thus reducing the apportioned share to others. The states have different positions.

Dobbs, § 495.

8

So, here is my point. The Uniform Act provides for the apportionment of fault among immunized employers. However, the Uniform Act is only a recommendation or template. Each state and its legislature can promulgate its own Uniform Act and pick, choose, and modify the recommendations that fit its own needs.

In this case, as the court points out, the Arkansas legislature promulgated a statute that unambiguously defines joint tortfeasor "as two or more persons or entities who may have joint liability or several *liability in tort* for the same injury." (Emphasis added.) The legislature could have defined joint tortfeasor differently. It could have specifically included employers with workers' compensation. It could have specifically excluded employers with workers' compensation. Or, it could have included a section on how other immunized persons or entities are treated. It did not. The statute as written is unambiguous. We have consistently stated that courts must presume that the legislature says in a statute what it means and means in a statute what it says. "When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 461–62 (2002) (internal quotations omitted). Therefore, the court is correct in its interpretation of an unambiguous statute; however, I suggest that the statute itself may cause unintended consequences and is inconsistent with the purpose of the Uniform Act in apportioning fault among the persons or entities who actually contribute to the injury. But our court's job is to interpret laws, not to create them.

I also feel the necessity to raise one additional theoretical issue. The principle that underpins the court in this case is that an immunized party is not a joint tortfeasor; therefore, a jury cannot apportion fault against it. This case is a workers'-compensation immunity case.

9

The next case may involve an alleged joint tortfeasor who may enjoy charitable immunity, judicial immunity, or perhaps sovereign immunity. None of these parties can be liable in tort. I can easily imagine an appeal where the issue is the apportionment of fault between a physician and a hospital with charitable immunity. Or perhaps a medical provider and a psychologist with judicial immunity. Or perhaps an injury where the state has some involvement and sovereign immunity comes into play. With our holding today that persons or entities who enjoy some type of judicially recognized immunity from tort liability are not joint tortfeasors, then our system of apportioning fault is not truly implementing the purpose of the Uniform Act. Stakeholders may want to begin to discuss a legislative solution.

*Barber Law Firm, PLLC*, by: *John S. Cherry*, *Scott M. Strauss*, and *Adam D. Franks*, for appellants.

*Reid, Burge, Prevallet & Coleman*, by: *Robert L. Coleman*, for appellees.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for amicus curiae, Arkansas Trial Lawyers Association.

*McMillan, McCorkle & Curry, LLP*, by: *F. Thomas Curry*, for amici curiae, DRI – The Voice of the Defense Bar and Arkansas Association of Defense Counsel.